J-S01035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AUSTIN REED YOUNG | : | |
| | : | |
| Appellant | : | No. 709 MDA 2020 |

Appeal from the PCRA Order Entered April 24, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001515-2017

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 13, 2021**

Austin Reed Young appeals from the order, entered in the Court of Common Pleas of Lycoming County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   Young challenges his registration requirements under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 et seq., as modified by Act 10 and Act 29 of 2018 (collectively referred to as SORNA II).[1]  After our review, we reverse and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] SORNA was originally enacted on December 20, 2011, effective December 20, 2012.  **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011).  Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018,

Young was charged in connection with the August 5, 2017 sexual assault of a mentally disabled twelve-year old girl. On September 15, 2017, Young entered a guilty plea to rape of a mentally disabled person, which was graded as a felony of the first degree. **See** 18 Pa.C.S.A. § 3121 (a)(5). In his written plea colloquy, and on the record, Young acknowledged that, as part of his plea agreement, he was obligated to register for life under SORNA. **See** N.T. Guilty Plea Hearing, 9/15/17, at 3.

On January 24, 2018, the court sentenced Young to six to twenty years' imprisonment and notified him that, as a Tier III offender,[2] he was subject to lifetime registration under SORNA.[3] As Young's offenses were committed after

_____

P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Revised Subchapter H applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.10-9799.42. As our Supreme Court recently explained in **Commonwealth v. Torsilieri**, 232 A.2d 567 (Pa. 2020), "[i]n essence, Revised Subchapter H retained many of the provisions of SORNA, while Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012, in an attempt to address this Court's conclusion in [**Commonwealth v.**] **Muniz**[, 164 A.3d 118 (Pa. 2017)] that application of the original provisions of SORNA to these offenders constituted an *ex post facto* violation." **Id.** at 580.

[2] **See** 42 Pa.C.S.A. § 9799.14(d)(8).

[3] **See** 42 Pa.C.S.A. § 9799.15(2).

December 20, 2012, he is required to register pursuant to Revised Subchapter H of SORNA.[4]  The court made no official determination as to whether Young should be deemed a sexually violent predator (SVP).[5]  Young did not file a direct appeal.

On December 18, 2018, Young file a timely *pro se* PCRA petition, raising numerous challenges to his SORNA registration requirements, including a claim that SORNA infringes on his fundamental right to reputation as it contains an irrebuttable presumption that sexual offenders "pose a high risk of committing additional sexual offenses."  PCRA Petition, 12/18/18, at 9-10 (quoting 42 Pa.C.S.A. §§ 9799.11(a)(4)).   The PCRA court appointed counsel

_____

[4] *See supra* n. 1.

[5] On December 18, 2017, the Commonwealth filed a *praecipe* for a hearing to determine whether Young was an SVP.  On January 2, 2018, the court denied this request without further explanation. We point out that on October 31, 2017, shortly before Young was sentenced, a panel of this Court decided *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017 (*Butler I*).  In *Butler I* this Court held SORNA's SVP determination procedure was unconstitutional as it "increase[d] the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt."  *Id.* at 1218.  The *Butler I* Court held that a trial court could no longer designate defendants as SVPs or hold SVP hearings until the legislature enacted a constitutional procedure for SVP designation.  *Id.*

In response to *Muniz* and *Butler*, the legislature passed SORNA II.  *See* Act 10 of 2018 and Act 29 of 2018, *supra* at n. 1.  Moreover, the Supreme Court subsequently issued its decision in *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) (*Butler II*).   There, the Supreme Court reversed this Court's determination that the SVP designation procedure was unconstitutional.  In *Butler II*, the Supreme Court held that SORNA's registration requirements as applied to SVPs did not constitute constitutional criminal punishment.  *Id.*

for Young.  Counsel subsequently filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).  On December 3, 2019, the PCRA court filed an order and opinion indicating its intent to dismiss Young's petition without a hearing pursuant to Pa.R.Crim.P. 907.  The PCRA court granted counsel's petition to withdraw.

On January 17, 2020, Young filed a *pro se* response to the PCRA court's Rule 907 notice, again asserting that SORNA's irrebuttable presumption violated his fundamental right to reputation and noting that the Court of Common Pleas of Chester County found SORNA (Subchapter H) to be unconstitutional on this basis in **Commonwealth v. Torsilieri**, No. 15-CR-1570-2016 (Chester Co. Comm. Pls. 2016).  Young noted in his response that, at that time, trial court's decision in **Torsilieri** was pending before the Pennsylvania Supreme Court.

On April 24, 2020, the PCRA court dismissed Young's petition.  While the PCRA court acknowledged the trial court's decision in **Torsilieri**, it noted that no Pennsylvania Superior Court or Supreme Court decision had found SORNA to be unconstitutional on the basis that it violates a sexual offender's fundamental right to reputation.  The court stated that if Young "wishe[d] to protect his right to avail himself [of] any future Supreme Court decisions, he can appeal this case to the Pennsylvania Superior Court and, if he does not succeed there, he can file a petition for allowance of appeal with the Pennsylvania Supreme Court."  PCRA Court Opinion, 4/24/20, at 2.   This

timely appeal followed. The PCRA court did not direct Young to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Young raises one issue for our review:

Do[] SORNA's mandatory registration, notification, reporting, and verification requirements violate fundamental rights deemed inviolate guaranteed to all Pennsylvania citizens by Article 1 of the Pennsylvania Constitution?

Appellant's Brief, at 6.[6]

Young argues that SORNA infringes on his fundamental right of reputation by creating an irrebuttable presumption that a sex offender is likely to reoffend. His challenges mirror those considered by our Supreme Court in its recent decision in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020), which was decided while this appeal was pending, and which is controlling here.

In **Torsilieri**, the Commonwealth appealed the trial court's determination that Revised Subchapter H of SORNA was unconstitutional as violative of numerous protections of the United States and Pennsylvania Constitutions. The Supreme Court acknowledged that, based on evidence the defendant had presented in the trial court, he posed "colorable constitutional challenges" to Revised Subchapter H's registration and notification provisions based upon his asserted refutation of two critical legislative determinations:

---

[6] While Young challenged his SORNA registration requirements in a PCRA petition, our Supreme Court has recently held that the PCRA is not the exclusive method for challenging sexual offender registration statutes. **See Commonwealth v. Lacombe**, 234 A.3d 602, 617-18 (Pa. 2020).

(1) that all sex offenders pose a high risk of recidivism; and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sex offenses. *Id.* at 573-74. Notwithstanding the defendant's proffered evidence, however, the Court decided it was unable to conclude, based upon the record before it, whether the defendant had sufficiently undermined the validity of the legislative findings supporting Revised Subchapter H's registration and notification provisions, especially in light of the Commonwealth's contradictory scientific evidence produced on appeal. *Id.* at 585. Noting that "it is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence," the Court declined to reach the merits of the appeal and remanded to the trial court to allow the parties to address "whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id.*

The *Torsilieri* Court highlighted the following principles:

> [W]e emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence. Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights.
>
> Nevertheless, we remain mindful that "the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."

- 6 -

> ***Shoul v. Com., Dept. of Transp., Bureau of Driver Licensing***,
> [] 173 A.3d 669, 678 (2017).

***Torsilieri***, 232 A.3d at 595-96.

Here, Young's PCRA petition, like the arguments raised in ***Torsilieri***, alleges that SORNA violates his fundamental right to reputation through its creation of an irrebuttable presumption. In his response to the PCRA court's Rule 907 notice, Young included the citation to the decision of the Chester County Court of Common Pleas in ***Torsilieri***. Although Young did not present scientific studies or evidence to support his claim that the underlying legislative policy in Subchapter H infringes on his constitutional rights, we do not find waiver. It is noteworthy that at the time Young filed both his petition and his response to the Rule 907 notice, ***Torsilieri*** had not yet been decided; at that time, the law was, and in some circumstances remains, unclear. This Court has found waiver where the ***Torsilieri*** issue was never raised before the lower court and was presented for the first time on appeal. ***See Commonwealth v. Reslink***, --- A.3d --- (Pa. Super. 2020). We have refused to find waiver, however, where the issue is raised before the lower court, even in the absence of a factual record. ***See Commonwealth v. Asher***, 244 A.3d 27, 32 (Pa. Super. 2021) (although appellant preserved his challenges at sentencing and in post-sentence motions, there was no factual record; this Court, in accordance with ***Torsilieri***, vacated and remanded "for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above."). Here, like in ***Asher***,

Young raised the *Torsilieri* issue before the lower court, in both his PCRA petition and his response to the PCRA court's Rule 907 notice of intent to dismiss. Although Young's response to the Rule 907 notice was not specific, the issue was presented to the lower court.

As such, we conclude that the PCRA court erred in denying Young's petition without a hearing. We reverse and remand for further proceedings in accordance with this memorandum.

Reversed and remanded. Jurisdiction relinquished.

Judge McCaffery joins this Memorandum.

President Judge Emeritus Stevens files a Dissenting Statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/13/2021