J-S25001-20

2020 PA Super 293

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP ANDREW ASHER | : | |
| | : | |
| Appellant | : | No. 1133 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 6, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002454-2017

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

OPINION BY LAZARUS, J.:                    **FILED DECEMBER 21, 2020**

Phillip Andrew Asher appeals[1] from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his conviction of 500 counts of child pornography,[2] seven counts of dissemination of photographs/film of child sex acts,[3] and four counts of criminal use of a communication facility.[4]  After careful review, we vacate the order denying Asher's post-sentence motion and remand in accordance with our Supreme

---

[1] On May 29, 2020, this Court issued an order staying disposition of this case pending this Court's en banc decisions in **Commonwealth v. Albright**, 517 MDA 2019, and **Commonwealth v. Poteet**, 1456 MDA 2018.  In light of this Court's orders of August 5, 2020, vacating the certification orders in those cases, we now lift the stay order and proceed to address the merits of this appeal.

[2] 18 Pa.C.S.A. § 6312(d).

[3] 18 Pa.C.S.A. § 6312(c).

[4] 18 Pa.C.S.A. § 7512(a).

Court's recent decision in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). Otherwise, we affirm the judgment of sentence.

On January 18, 2018, Asher entered a guilty plea to the above offenses. The offenses occurred on or about September 4, 2016. Pursuant to the plea agreement, Asher agreed to a Sexual Offenders Assessment Board (SOAB) evaluation. On May 12, 2018, Asher was determined not to be a sexually violent predator (SVP).

On June 6, 2018, the court sentenced Asher to an aggregate term of imprisonment of five to ten years. At sentencing, the Commonwealth informed Asher he was required to register as a Tier II offender pursuant to the Sexual Offenders Registration and Notification Act (SORNA).[5] **See** N.T.

---

[5] SORNA was originally enacted on December 20, 2011, effective December 20, 2012. **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are referred to collectively as SORNA II. Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.10-9799.42. Here, Asher's offenses occurred in 2016; thus, he is subject to registration under Revised Subchapter H.

Sentencing Hearing, 6/6/18, at 7-9. Defense counsel objected to the imposition of SORNA requirements on several constitutional grounds, including that it subjects sex offenders to an "irrebuttable presumption" that they are a high risk for reoffending. *Id*. at 10-11. Asher filed a timely post-sentence motion, again challenging the constitutionality of Revised Subchapter H under *Apprendi v. New Jersey*[6] and *Alleyne v. United States*,[7] and as a violation of due process because it subjects him "to an irrebuttable presumption that 'he poses a high risk of committing additional sexual offenses' and deprives him of his fundamental right to reputation[.]" *See* Post-Sentence Motion, 6/18/18, at ¶ 11(a)-(e). In his memorandum of law in support of post-sentence motions, Asher argued:

> SORNA [II] sends a message that all registrants "pose a high risk of committing additional sexual offenses." [42 Pa.C.S.A. §] 9799.11(A)(4). Such an implication impinges on the registrant's reputation. However, a registrant has no meaningful way to challenge this presumption of dangerousness and, therefore, the presumption violates due process. [] The right to reputation is a fundamental right under the Pennsylvania Constitution. *In re J.B.*, 107 A.3d 1, 16 (Pa. 2014)[;] Pa. Const. Art. 1, section 1. This right cannot be abridged without complying with the state

---

[6] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any facts, other than fact of prior conviction, that subject defendant to any additional penalty beyond statutory maximum must be submitted to jury and be found proved beyond reasonable doubt).

[7] *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that any fact that increases mandatory minimum sentence for crime is fact that must be submitted to jury and found beyond reasonable doubt). *Alleyne* is an extension of *Apprendi*.

constitutional standards of due process set forth in Pa. Cons. Article 1, section 11.[8] [] SORNA declares that every registrant is a danger to the community and incapable of rehabilitation, [42 Pa.C.S.A. §] 9799.11(a)(6)-(8), a presumption that cannot be rebutted because the individual is not given the opportunity to rebut the same. [] A presumption runs afoul of due process where "(1) it encroaches on an interest protected by the due process clause; (2) the presumption is not universally true; and (3) reasonable alter[n]ative means exist for ascertaining the presumed fact." An opportunity to challenge the "paramount factor" must be presented to the defendant, which, in SORNA, is the conclusion that "[s]exual offenders pose a high risk of committing sexual offenses." *See* 42 Pa.C.S.A. [§] 9799.11(a)(4) and *In re J.B.*, 107 A.2d at 14-15. No such opportunity exists under SORNA or Act 10.

Memorandum in Support of Post-Sentence Motions, 10/9/18, at 15-16, citing

*Dep't of Transp. v. Clayton*, 684 A.2d 1060, 1065 (Pa. 1996). Asher

---

[8] Article I, Section 1 of the Pennsylvania Constitution designates the right to reputation as an inherent and indefeasible right:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1. Additionally, Article I, Section 11 similarly provides for the protection by due course of law of a person's reputation, along with lands, goods and person:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

*Id.*

contended that the Pennsylvania Supreme Court's holding in **J.B.**—that the use of an irrebuttable presumption violated juveniles' constitutionally protected interest in their reputation—should apply as well to an adult sex offender. Post-Sentence Motion Memorandum, **supra** at 17. Asher concluded, therefore, that the irrebuttable presumption does not survive the three-pronged test set forth in **Clayton**. **Id.** at 19.

Asher's post-sentence motion was denied by operation of law. **See** Order, 6/11/19; Pa.R.Crim.P. 720(B)(3)(a), (c).[9] Asher filed this timely appeal. Both Asher and the trial court complied with Rule 1925(b). **See** Pa.R.A.P. 1925(b) Statement, 7/30/19.

Asher raises one issue for our review:

> Whether SORNA II contravenes the 5th, 6th and 14th Amendments [to] the United States Constitution and Article 1, § 1 of the Pennsylvania Constitution as a criminal punishment, without appropriate due process[,] requiring that each fact necessary to

---

[9] We note that Asher filed a "Motion for Extension or Enlargement of time for the Court to Decide Post-Sentence Motions" pursuant to Pa.R.Crim.P. 720(B)(3)(b) ("Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion. If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law."). The trial court denied this motion on October 15, 2018, however, an order pursuant to Rule 720(B)(3)(c) was not entered until June 11, 2019. **See** Order, 6/11/19; **see also** Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in Rule 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied. This order is not subject to reconsideration.").

support the imposition of punishment over which the court has no control is submitted to a jury and proven beyond a reasonable doubt under **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, [570 U.S. 99] (2013)?

Appellant's Brief, at 2.

Asher argues Revised Subchapter H remains punitive and, therefore, "the sentencing process, as well as the trial itself, must satisfy the requirements of the due process clause." **Id.** at 14. "A trial court cannot impose a punishment . . . for a specific offense or an enhanced or mandatory minimum sentence unless the element requiring a mandatory minimum sentence is proven beyond a reasonable doubt." **Id.** at 14, citing **Apprendi**, **supra** and **Alleyne**, **supra**. Further, Asher argues SORNA II violates **Apprendi** and **Alleyne** because it "continues to contain an irrebuttable presumption" that an offender poses "a high risk of committing additional sexual offenses" which cannot be challenged by the accused at trial or at sentencing. **Id.** at 16, citing 42 Pa.C.S.A. §§ 9799.10(A)(4), 9799.11(A)(4), (B)(1).

Asher's argument challenges the irrebuttable presumption as violating the tenets of **Apprendi**/**Alleyne**, where neither a judge nor a jury has established beyond a reasonable doubt that Asher poses a high risk of recidivating. As such, Asher contends, Revised Subchapter H cannot survive constitutional scrutiny. Appellant's Brief, at 17.

While this case was pending on appeal, the Pennsylvania Supreme Court decided **Torsilieri**, **supra**. That case came before the Court pursuant to its

original jurisdiction after the Chester County Court of Common Pleas found Revised Subchapter H of SORNA II violated several provisions of both the United States and Pennsylvania Constitutions.[10] In *Torsilieri*, the trial court concluded the statute violated *Apprendi* and *Alleyne* by allowing "the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor premised upon proof beyond a reasonable doubt." *Torsilieri*, *supra* at 575, quoting Trial Court Order, 7/10/18, at 3. The Pennsylvania Supreme Court, emphasizing that deference to legislative policy-making is subject to constitutional limitations, considered the trial court's conclusions in two categories: (1) an irrebuttable presumption challenge, *see Clayton*, *supra*;[11] and (2) based on its determination of punitive effect, the trial court

---

[10] *See* 42 Pa.C.S.A. § 722(7) (providing Supreme Court with exclusive jurisdiction over "[m]atters where the court of common pleas has held [statutes] invalid as repugnant to the Constitution . . . of the United States, or to the Constitution of this Commonwealth.").

[11] The Court's due process/irrebuttable presumption analysis reviewed the trial court's application of the three-pronged *Clayton* test. *Torsilieri*, *supra* at 585-89. The Court stated:

> A review of the court's conclusions clearly reveals that the court's analysis of each of the three prongs of the irrebuttable presumption doctrine relies heavily upon the scientific evidence presented by [Torsilieri]. As noted, the Commonwealth parties awaited this appeal to proffer evidence to rebut [Torsilieri's] experts. Given the procedures leading to this point, the importance of the underlying issue, and our deference to legislative policy determinations, we decline to render a conclusion on the basis of the record before us. Instead, we conclude that remand is necessary to allow the parties to present additional

concluded that the registration requirements, which can result in lifetime registration branding an offender as at high risk of recidivating, violated (a) the requirements of **Apprendi** and **Alleyne**, (b) imposed sentences in excess of the statutory maximum sentence, (c) constituted cruel and unusual punishment, and (d) violated the separation of powers doctrine by preventing trial courts from imposing individualized sentences. **Torsilieri**, **supra** at 582-83.

For our purposes, we focus solely on the **Torsilieri** Court's analysis of the "branding [of] an offender as at high risk of recidivating" as it relates to Asher's due process claim pursuant to **Apprendi**/**Alleyne**. The Pennsylvania Supreme Court applied the **Mendoza-Martinez**[12] factors and evaluated "the

---

argument and evidence to address whether a scientific consensus has developed to overturn the legislative determinations in regard to adult sexual offenders' recidivation rates and the effectiveness of a tier-based registration and notification system as they relate to the prongs of the irrebuttable presumption doctrine.

**Id.** at 588-89.

[12] **Kennedy v. Mendoza–Martinez**, 372 U.S. 144 (1963). The Supreme Court held, absent conclusive evidence of congressional intent as to the penal nature of a statute, the factors to be considered in determining whether the statute, on its face, is penal or regulatory in character are: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment, that is, retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. **Id.** at 146.

degree to which the trial court's conclusions [were] based upon the scientific evidence presented by [Torsilieri]." ***Torsilieri***, ***supra*** at 588. At his post-sentence hearing, Torsilieri had presented the affidavits and supporting documents of three expert witnesses "concluding that sexual offenders generally have low recidivism rates and questioning the effectiveness of sexual offender registration systems such as SORNA." ***Id.*** at 574. The Commonwealth stipulated to the content of the exhibits, but not to their validity or relevance, and did not offer any rebuttal expert testimony or documents with respect to these witnesses. ***Id.*** The Court stated:

> We observe that the scientific evidence presented by [Torsilieri] during the post-sentence motion arguably influenced the trial court's consideration of all five relevant factors and overtly drove the analysis of three. Accordingly, ***we conclude that its labeling of Revised Subchapter H as punitive was impacted by its assessment of [Torsilieri's] expert evidence such that reevaluation of the balancing of the seven Mendoza-Martinez factors is appropriate following presentation of additional scientific evidence on remand.*** The trial court's conclusion that Revised Subchapter H is punitive inevitably resulted in the court's determination that the registration requirements were part of [Torsilieri's] criminal sentence, and thus, subject to the various constitutional and statutory protections. ***Evaluating each challenge raised by [Torsilieri], the trial court concluded that [] Revised Subchapter H violated the dictates of Apprendi and Alleyne because it subjected offenders to increased registration provisions without a jury determining that the offender posed a risk of future dangerousness beyond a reasonable doubt[.]***

***Id.*** at 594 (emphasis added). Essentially, the Pennsylvania Supreme Court directed the trial court to reevaluate the ***Mendoza-Martinez*** factors, this time

considering not only the defense's scientific evidence, but that of the Commonwealth as well.

Here, although Asher properly preserved his challenges at sentencing and in post-sentence motions, there is no factual record. Therefore, in accordance with *Torsilieri*, we vacate and remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above. *See Commonwealth v. Mickley*, 240 A.3d 957 (Pa. Super. 2020) (where defense counsel attempted to introduce evidence of scientific studies at hearing on motion to bar application of SORNA, this Court remanded in accordance with *Torsilieri* for evidentiary proceedings on whether SORNA creates facially unconstitutional irrebuttable presumption against sexual offenders).

Judgment of sentence affirmed. Order denying post-sentence motion vacated and case remanded for proceedings consistent with *Torsilieri*. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2020