J-S12025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :  PENNSYLVANIA
                                          :

          v.                              :
                                          :
                                          :

SCOTT MELVIN GALANT           :
                                          :

          Appellant         :  No. 1487 EDA 2020

Appeal from the Order Entered July 9, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001573-2019

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:         **FILED AUGUST 3, 2021**

     Appellant Scott Melvin Galant appeals from the order[1] denying his post-

sentence "Motion to Reconsider Sentence as to [Sexual Offender Registration

---

[1] As noted by the Commonwealth, there is an issue concerning whether the trial court's order constitutes an order denying a post-sentence motion under Pa.R.Crim.P. 720, or a separate order denying a challenge of a sex offender registration requirement pursuant to **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020).  **See** Commonwealth's Brief at 4 n.2; **see also** Pa.R.Crim.P. 720(A)(1) & (B)(3) (requiring that a defendant file a post-sentence motion within ten days of the judgment of sentence and that the trial court decide the motion no later than 150 days); **Lacombe**, 234 A.3d at 617 (noting that our Supreme Court "has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism"). However, while this issue affects whether this appeal properly lies from Appellant's judgment of sentence as made final by the denial of a post-sentence motion or from the order denying Appellant's challenge to SORNA II, it does not impact this Court's jurisdiction over this appeal.  **See Commonwealth v. Khalil**, 806 A.2d 415, 421 (Pa. Super. 2020) (declining to quash an appeal because the clerk of the court did not enter an appropriate order denying post-sentence motions by operation of law).  We will retain the caption in this appeal as Appellant filed it.  **Cf. Commonwealth v. Torsilieri**,
*(Footnote Continued Next Page)*

and Notification Act[2]] registration." Appellant argues that the trial court erred in rejecting his claims that (1) Subchapter H violates his due process and reputational rights by creating an irrebuttable presumption concerning his risk of reoffending and (2) Subchapter H is punitive. The Commonwealth concedes that Appellant is entitled to a remand for further consideration of his claims. We vacate the order and remand for further proceedings.

The procedural background of this appeal is as follows. The Commonwealth charged Appellant with committing numerous sex offenses against a minor victim "on or about August 20, 2018." Information, 4/17/19. On January 8, 2020, Appellant entered a negotiated guilty plea to rape of a child, aggravated indecent assault of a child, and indecent assault of a person less than thirteen years of age.[3,4] That same day, the trial court sentenced Appellant to an aggregate term of fifteen to fifty years' incarceration and advised Appellant of Subchapter H's lifetime registration requirements for the commission of Tier III offenses.

On January 16, 2019, Appellant timely filed his motion to reconsider his sentence in which he challenged the constitutionality of Subchapter H based

_____

232 A.3d 567, 572-74, 596 (Pa. 2020) (vacating, in part, an order denying the defendant's post-sentence motion *nunc pro tunc* challenging SORNA II without referencing the judgment of sentence).

[2] 42 Pa.C.S. §§ 9799.11-9799.42 (hereinafter SORNA II or Subchapter H).

[3] 18 Pa.C.S. §§ 3121(c), 3125(b), and 3126(a)(7), respectively.

[4] Before entering his plea, Appellant filed pre-trial motions, which included constitutional challenges to SORNA II.

on prior decisions by the court of common pleas which found Subchapter H to be punitive. Appellant asserted that the trial court initially scheduled a hearing for March 2020, but the court granted Appellant's motion to continue a hearing due to the COVID-19 pandemic. During the continuance, our Supreme Court decided *Torsilieri* on June 16, 2020.

The trial court convened a hearing on July 9, 2020. The parties agreed that Appellant's motion was "a procedural motion just to preserve his right to appeal the SORNA [II] registration requirement." N.T., 7/9/20 at 2. At that time, Appellant admitted into evidence exhibits from the prior court of common pleas decisions, which included copies of affidavits concluding that sex offenders did not pose a high risk of reoffending and that registration laws fail to improve community safety. The parties presented no further evidence or argument at the hearing, and the trial court denied Appellant's motion immediately following the hearing.

Appellant timely filed his notice of appeal on August 5, 2020, and both Appellant and the trial court complied with Pa.R.A.P. 1925. In its opinion, the trial court concluded that Subchapter H's lifetime registration for a Tier III offense was constitutional. The trial court discussed our Supreme Court's decisions in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020), but did not consider *Torsilieri*. Trial Ct. Op., 11/10/2, at 4-5.

Appellant presents the following questions for review:

1. Did the trial court err in finding that [Subchapter H] did not violate [A]ppellant's rights to due process of law because it creates an irrebuttable presumption which infringes upon the constitutional right to reputation?

2. Did the trial court err in finding that [Subchapter H] registration and notification provisions are not punitive in nature?

Appellant's Brief at 4.

Appellant summarizes his arguments as follows:

The scientific evidence presented by both . . . Appellant and the Commonwealth is sufficient to establish a consensus in the scientific community that sex offenders do not pose a high risk of recidivism. On the contrary, the evidence establishes that sex offenders pose a low risk of re-offense. As the Pennsylvania Supreme Court noted previously, the existence of this presumption impacts [a] defendant's right to reputation, which is a right specifically protected in the Pennsylvania Constitution. *In re: J.B.*, 107 A.3d 1 (Pa. 2014). As the presumption is not universally true and there exists reasonable alternatives to ascertain the presumed facts, the trial court erred in failing to find SORNA [II] unconstitutional.

Weighing the *Mendoza-Martinez*[5] factors, based upon the scientific evidence presented herein, it is clear that the majority of the factors weigh in favor of SORNA [II] being punitive. The punitive nature of SORNA violates the Due Process and *Ex Post Facto* clauses of the United States and Pennsylvania Constitutions.

Appellant's Brief at 20. As noted above, the Commonwealth concedes that "a remand in this case is appropriate" consistent with *Torsilieri*. Commonwealth's Brief at 16.

---

[5] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

Appellant's constitutional issues raise questions of law. Accordingly, the standard and scope of our review is *de novo* and plenary, respectively. ***Torsilieri***, 232 A.3d at 575.

In ***Torsilieri***, our Supreme Court vacated a trial court's order declaring Subchapter H unconstitutional. *Id.* at 572. In that case, the defendant challenged the validity of the statute's presumption that all sex offenders were dangerous and posed a high risk of reoffending. *Id.* at 573. The trial court permitted Appellant to introduce three expert affidavits. *Id.* at 574. The Commonwealth did not offer evidence to the contrary before the trial court, but cited rebuttal evidence in the appeal. *Id.* at 574, 582-84.

Of relevance to this appeal, the ***Torsilieri*** Court stated that the defendant posed "colorable constitutional challenges" to Subchapter H based on the evidence presented to and relied on by the trial court. *Id.* at 584. The Court continued:

> Nevertheless, we are unable to conclude based upon the record currently before this Court whether [the defendant] has sufficiently undermined the validity of the legislative findings supporting . . . Subchapter H's registration and notification provisions, especially in light of the contradictory scientific evidence cited by the Commonwealth during this appeal which may refute the [the defendant]'s experts. It is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence. Accordingly, a remand is appropriate to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights.

*Id.* at 585. Notably, the ***Torsilieri*** Court determined that a remand was necessary to consider the defendant's claim based on the irrebuttable presumption doctrine and to inform further the trial court's analysis of whether Subchapter H was punitive. ***Id.*** at 587-88, 594 (observing that the defendant's scientific evidence "arguably influenced" the trial court's analysis of whether Subchapter H was punitive).

In ***Commonwealth v. Asher***, 244 A.3d 27 (Pa. Super. 2020), this Court affirmed the defendant's judgment of sentence but vacated the trial court's order rejecting an irrebuttable presumption claim. The ***Asher*** Court explained: "Here, although [the defendant] properly preserved his challenges at sentencing and in post-sentence motions, there is no factual record. Therefore, in accordance with ***Torsilieri***, we vacate and remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above." ***Asher***, 244 A.3d at 33.

Following our review, we agree with Appellant and the Commonwealth that a remand is necessary pursuant to our Supreme Court's decision in ***Torsilieri*** and this Court's decision ***Asher***. As in ***Torsilieri***, Appellant raised a colorable constitutional challenge and presented some evidence attempting to refute the legislative finding. ***See Torsilieri***, 232 A.3d at 585. Like ***Asher***, the trial court denied relief without creating and considering a proper factual record. ***See Asher***, 244 A.3d at 33. Accordingly, as in ***Torsilieri*** and ***Asher***, this Court does not have the benefit of a fully developed factual record.

For these reasons, we vacate the order denying Appellant's motion and remand for further proceeding "at which the parties can present evidence for and against the relevant legislative determinations" consistent with ***Torsilieri*** and ***Asher***.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2021