J-S12026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DAVID ELIJAH WARD :
:
Appellant : No. 1580 EDA 2020

Appeal from the PCRA Order Entered June 26, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007977-2016

BEFORE: LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 9, 2021**

Appellant David Elijah Ward appeals *nunc pro tunc* from the order dismissing his timely first petition for relief under the Post Conviction Relief Act[1] (PCRA). Appellant argues that the PCRA court erred in concluding that it lacked jurisdiction to review a constitutional challenge to revised Subchapter H of the Sexual Offender Registration and Notification Act (SORNA II).[2] He also requests that we remand the matter to the PCRA court for further development of the record. We vacate the PCRA court's order and remand for further proceedings consistent with this memorandum.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9799.51-9799.75.

The underlying facts of this matter are well known to the parties. Briefly, Appellant was convicted of two counts of indecent assault[3] after he sexually assaulted two women at a spa in July of 2016. *See Commonwealth v. Ward*, 2018 WL 6191089, 109 EDA 2018 (Pa. Super. filed Nov. 28, 2018) (unpublished mem.). On August 14, 2017, the trial court sentenced Appellant to an aggregate term of four to twenty-three months' incarceration. He was also classified as a Tier I offender and ordered to register as a sex offender for fifteen years.

Appellant subsequently filed a direct appeal, and this Court affirmed Appellant's judgment of sentence. *See id.* Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed a timely *pro se* PCRA petition on April 24, 2019. The PCRA court appointed counsel, who filed an amended petition alleging that both trial counsel and direct appeal counsel were ineffective. Following a hearing, Appellant withdrew his ineffectiveness claims and the PCRA court granted leave for Appellant to amend his petition. In his second amended PCRA petition, Appellant challenged the constitutionality of both SORNA and Act 29 of 2018.

On June 1, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. Therein, the PCRA court stated that Appellant was ineligible for relief under the PCRA because he was no longer

---

[3] 18 Pa.C.S. § 3126(a)(1).

serving a sentence. *See* Rule 907 Notice at 2-3 (unpaginated). Appellant filed a response in which he reiterated his constitutional claims and asserted that the PCRA was his "only means of redress" for challenging his registration requirements. *See* Resp. to Rule 907 Notice, 6/22/20, at 5 (unpaginated).

The PCRA court formally dismissed Appellant's petition on June 26, 2020. On August 7, 2020, the PCRA court reinstated Appellant's PCRA appeal rights *nunc pro tunc.* Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Whether the [PCRA] court erred in dismissing Appellant's [PCRA] petition due to the fact that Appellant is no longer serving a sentence of incarceration, probation or parole, when Appellant is still subject to the registration requirements listed in Act 29, as a result of his conviction in this case, which is tantamount to a sentence of supervision?

2. Whether Appellant's case should be remanded to the [PCRA] court so that the court can review (1) whether Act 29 (SORNA II) is unconstitutional as applied to Appellant because it violates Appellant's due process rights by creating an irrebuttable presumption which infringes upon Appellant's right to reputation and (2) because its registration and notification provisions are punitive in nature.

Appellant's Brief at 4 (some formatting altered).

Initially, both Appellant and the Commonwealth agree that the PCRA court had jurisdiction to review Appellant's SORNA claims based on our Supreme Court's decision in ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020). Appellant's Brief at 13; Commonwealth's Brief at 13. The parties also

request that we remand the matter to the PCRA court for further development of the record, consistent with **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). **See** Appellant's Brief at 18; Commonwealth's Brief at 15-16.

As noted above, the PCRA court concluded that it lacked jurisdiction to review Appellant's SORNA claim because he was no longer serving a sentence. PCRA Ct. Op., 9/30/20, at 4 (unpaginated). However, while Appellant's appeal was pending, our Supreme Court held that petitioners may challenge the application of a sexual offender registration statute outside the framework of the PCRA. **Lacombe**, 234 A.3d at 618. In reaching that conclusion, the **Lacombe** Court explained:

> This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.
>
> This is especially so under the PCRA as many registrants . . . would be ineligible for relief on timeliness grounds. Other registrants may be ineligible because their sentence has expired while their registration requirements continue. Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes . . . .

**Id.** at 617-18 (citations omitted).

Additionally, in ***Torsilieri***, our Supreme Court vacated an order declaring Subchapter H unconstitutional and remanded the matter to the trial court for further development of the record. ***Torsilieri***, 232 A.3d at 596. The ***Torsilieri*** Court explained that, although the petitioner preserved constitutional claims before the trial court, the Court was unable to review the merits of those claims on the existing record. ***Id.*** Therefore, the Court concluded that remand was appropriate to "provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the petitioner] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H." ***Id.***

Here, we are constrained to agree with the parties that the PCRA court had jurisdiction to review Appellant's SORNA claims outside the framework of the PCRA. ***See Lacombe***, 234 A.3d at 618. Further, the record reflects that Appellant preserved his Subchapter H claim before the PCRA court. However, because the PCRA court did not conduct a hearing, there is no factual record on which we can evaluate Appellant's Subchapter H claims. Therefore, we vacate Appellant's sentence and remand for further proceedings in accordance with ***Torsilieri***. ***See Torsilieri***, 232 A.3d at 596; ***see also Commonwealth v. Asher***, 244 A.3d 27, 32 (Pa. Super. 2021) (concluding that remand was necessary based on ***Torsilieri*** because the defendant raised an irrebuttable

presumption claim before the trial court, but the court declined to hold a hearing).

Accordingly, we vacate the order dismissing Appellant's petition and remand this matter for the PCRA court to conduct a hearing on the merits of Appellant's claim.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2021