J-A07019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW SCHLAUCH | : | |
| | : | |
| Appellant | : | No. 979 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 30, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004992-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 20, 2022**

Matthew Schlauch appeals from the judgment of sentence entered following his guilty plea to Sexual Abuse of Children (Child Pornography).[1] He argues that the requirement that he register as a sex offender under Subchapter H of the Sexual Offenders Registration and Notification Act ("SORNA") is unconstitutional. We vacate in part the denial of his post-sentence motion and remand for further proceedings.

After accepting Schlauch's guilty plea, the court ordered that the Sexual Offender Assessment Board ("SOAB") assess Schlauch to determine whether he was a sexually violent predator ("SVP"). The SOAB did not determine Schlauch was an SVP, and the court ordered that Schlauch be classified as a Tier I sex offender. **See** Order, 12/2/20. Schlauch filed a pre-sentence motion

---

[1] 18 Pa.C.S.A. § 6312(d).

seeking to bar the application of SORNA. He also sought a preliminary injunction of his registration as a sex offender pending the remand proceedings in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). **See** Pre-Sentence Motion to Bar Application of SORNA, filed 11/18/20. The court denied the motion and sentenced Schlauch to one to two years' incarceration followed by a consecutive term of five years of reporting probation. The court also ordered Schlauch to register as a sex offender as required by Subchapter H of SORNA.

Schlauch filed a post-sentence motion renewing his challenges to the constitutionality of his registration requirements and the discretionary aspects of his sentence. **See** Schlauch's Post-Sentence Motion, filed 12/9/20, at ¶ 12(a)-(h). He again asked the court for a preliminary injunction or stay of his registration pending the remand and resolution of **Torsilieri** and "resolution of the cases awaiting a decision before the Pennsylvania Supreme Court, as the outcomes of those cases are dispositive of the issues raised herein." **Id.** at ¶ 11. Schlauch also asked for leave "to file a supplemental motion along with expert affidavits and a memorandum of law in support[.]" **Id.** at ¶ 26.

At a hearing on the motion, Schlauch reiterated that he was seeking a stay or injunction on the SORNA issue until the resolution of **Torsilieri**. N.T., Post Sentence Motion Hearing, 3/9/21, at 4. He stated that his grounds for the request were those listed in the motion. The trial court held the motion under advisement and later denied it. This timely appeal followed.

Schlauch raises the following issues:

I.   Whether that portion of the sentence imposing SORNA registration requirements should be vacated because SORNA (revised SubChapter H) violates both the Pennsylvania and Federal Constitution in the following ways:

   a.   Whether SORNA (revised SubChapter H) denies [Schlauch] due process under the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation without notice and an opportunity to be heard?

   b.   Whether SORNA (revised SubChapter H) denies [Schlauch] procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

   c.   Whether SORNA (revised SubChapter H) violates substantive due process under the state and federal Constitutions, U.S. Const. Amend. XIV; PA. Const. Art I, § 1, because SORNA deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

   d.   Whether the recent amendment to SORNA, revised SubChapter H, is in all material respects identical to SORNA and therefore a punitive law?

   e.   Does SORNA (revised SubChapter H), as a penal law, violate the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

   f.   Whether SORNA (revised SubChapter H) contravenes the 5th, 6th and 14th amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because as a criminal punishment, SORNA cannot be imposed without due process, notice and opportunity to contest its imposition,

and ensuring that each fact necessary to support the mandatory sentence and a sentence beyond the authorized statutory maximum is submitted to a jury and proven beyond a reasonable doubt pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, [570] U.S. 99 (2013)?

g. Whether the imposition of mandatory fifteen (15) year sex offender registration for all Tier I offenses under SORNA, revised Subchapter H, is a cruel and unusual punishment in violation of the Eight and Fourteenth Amendments to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution?

h. Whether [Schlauch's] sentence of fifteen years pursuant to SORNA, revised SubChapter H, is illegal as it is not a sentencing alternative authorized by Section 9721 of the judicial code and the trial court therefore lacked authority to impose such a sentence?

i. [Schlauch's] sentence of fifteen years pursuant to SORNA is illegal as the statutory maximum for a felon[y] of the third degree as codified at Section 1103(3) of the [crimes] code is seven (7) years.

II. Whether this matter should be stayed, or remanded to the trial court with instructions to stay proceedings, pending a resolution of issues raised in **Commonwealth v. To[r]silieri**, 232 A.3d 567 (Pa. 2020)?

Schlauch's Br. at 5-7 (suggested answers omitted).

Schlauch's first issue consists of several sub-issues challenging the constitutionality of his registration requirement as a sex offender and the legality of the registration requirement. In support, Schlauch directs this Court to our Supreme Court's decision in **Torsilieri**.

- 4 -

Schlauch's issues raise a question of law. *See Commonwealth v. Bricker*, 198 A.3d 371, 375 (Pa.Super. 2018). Our standard of review is *de novo*, and our scope of review is plenary. *Id.*

In *Torsilieri*, the defendant/appellant challenged his registration requirements under Subchapter H of SORNA, which governs registration for offenders whose relevant convictions occurred on or after December 20, 2012. He maintained that Subchapter H violates his due process rights because it imposes lifetime registration requirements based on an unconstitutional irrebuttable presumption of dangerousness. The trial court determined that Subchapter H was unconstitutional and vacated Torsilieri's sentence as to his registration requirements. On appeal to our Supreme Court, the Court determined that the factual record was insufficient to render a decision on the merits of Torsilieri's challenge to Subchapter H. It therefore remanded to the trial court for development of the record. *See Torsilieri*, 232 A.3d at 596.

This Court subsequently followed *Torsilieri*'s remand procedure in *Commonwealth v. Asher*, 244 A.3d 27, 33 (Pa.Super. 2020). There, although the appellant had raised and preserved a substantive challenge like the one raised in *Torsilieri*, the factual record was inadequate to decide it. This Court therefore vacated and remanded for a hearing at which the parties could present evidence.

Here, Schlauch preserved his constitutional challenges to his registration requirements under SORNA in his post-sentence motion. The issues raised in the post-sentence motion are the same as those before this

Court. However, the trial court did not hold an evidentiary hearing on these issues. Without a hearing, the record before this Court is inadequate for us to review Schlauch's constitutional claims. As such, we vacate in part the order denying Schlauch's post-sentence motion challenging the constitutionality of his registration requirements under SORNA. We remand this case for the trial court to hold a hearing on the constitutional challenges to SORNA that Schlauch raised in his post-sentence motion. Because we remand this case for further proceedings, Schlauch's second claim is now moot, and we do not address it.

Judgment of sentence affirmed. Order denying post-sentence motion vacated only as to constitutional challenges for registration requirements under SORNA. Case remanded for proceedings consistent with *Torsilieri*. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2022