J-S37009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MANUEL FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 350 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 19, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000328-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MANUEL FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1282 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 19, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000826-2023

BEFORE:  BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 31, 2024**

Manuel Fernandez appeals from the judgment of sentence imposed after he pled guilty to indecent assault and sexual assault.  He challenges solely the constitutionality of his requirement to register pursuant to Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA").  Upon review, we vacate the order denying his post-sentence motion and remand for further proceedings.

These cases stem from separate incidents where Appellant sexually assaulted two of his nieces. At Docket 328, he was charged with numerous sexual offenses, including rape and sexual assault, after he drugged and raped his sixteen-year-old niece. At Docket 826, he was charged with indecent assault for groping his older niece's buttocks while she was pretending to be asleep.

Appellant ultimately entered a negotiated guilty plea to sexual assault at Docket 328 and indecent assault at Docket 826, in exchange for the Commonwealth dropping all other charges. In accordance with the agreement, the trial court sentenced him to five to ten years of incarceration followed by three years of probation for the sexual assault conviction, and a concurrent term of one to two years of incarceration for indecent assault. As a result of the sexual assault conviction, Subchapter H of SORNA required Appellant to register as a sexual offender for his lifetime.

Appellant filed a timely post-sentence motion asking the court to strike his SORNA registration requirements as unconstitutional. Monroe County has adopted the practice of biannually conducting hearings before an *en banc* panel to consider challenges by those attacking the constitutionality of Subchapter H of SORNA.[1] The next scheduled *en banc* hearing was set to

---

[1] As will be discussed at length in the body of this memorandum, these so-called **Torsilieri** challenges proliferated after the Chester County Court of Common Pleas declared Subchapter H unconstitutional, and the Commonwealth appealed to our Supreme Court, in **Commonwealth v. Torsilieri** ("**Torsilieri I**"), 232 A.3d 567 (Pa. 2020).

occur more than 120 days after Appellant filed his post-sentence motion and, therefore, his motion would be denied by operation of law before the scheduled hearing. *See* Order Denying Post-Sentence Motion, 1/19/24, at unnumbered 2-4. Instead of conducting a separate individualized hearing for Appellant, the trial court denied his motion and noted that, if he appealed only the denial of his SORNA challenges, it would ask this Court to remand the case so it could assign the matter to be heard by the next *en banc* panel. *Id*. at 4.

This timely appeal followed.[2] Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court has asked us to remand the matter for the reasons outlined in its order denying Appellant's post-sentence motion. In his brief, Appellant likewise requests that we remand the matter for a hearing to develop the factual record for his constitutionality challenges.[3] *See* Appellant's brief at 12-13. In total, he raises the following seven issues:

> 1. Should this Court remand the case because an inadequate factual record has been developed and where the Commonwealth and the trial court both request remand as well?

---

[2] Appellant initially filed a single notice of appeal listing both docket numbers. At this Court's direction, he perfected his appeal by filing two amended notices of appeal, one for each underlying docket. Thereafter, we consolidated the matters *sua sponte*.

[3] We previously denied Appellant's application to vacate and remand without prejudice to re-raise the issue in his brief. Although the Commonwealth has neglected to file a brief, we note that it concurred with the relief requested in Appellant's application. *See* Appellant's Application to Vacate, 2/21/24, at unnumbered 6.

2. Does registration under [Subchapter H of SORNA] violate substantive due process under Article 11 of the Pennsylvania Constitution because it deprives individuals of the fundamental right to reputation and fails to satisfy strict scrutiny?

3. Does registration under [Subchapter H of SORNA] deny [Appellant] due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation?

4. Does registration under [Subchapter H of SORNA] deny [Appellant] procedural due process under the Pennsylvania and federal constitutions because it unlawfully impinges the right to reputation without notice and an opportunity to be heard?

5. Does registration under [Subchapter H of SORNA] constitute criminal punishment and therefore violate the separation of powers doctrine because it usurps exclusive judicial adjudicatory and sentencing authority?

6. If registration under [Subchapter H of SORNA] is punishment, does the imposition of mandatory sex offender registration for the instant offense constitute cruel and unusual punishment in violation of the Eight and Fourteenth Amendments to the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution?

7. If registration under [Subchapter H of SORNA] is punishment, does it contravene the 5th, 6th, and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because not every fact necessary to support the imposition of a mandatory minimum sentence must be found by a jury beyond a reasonable doubt?

Appellant's brief at 4-5 (capitalization altered).

To address Appellant's remand request, we first provide the following background for these types of challenges to the current iteration of SORNA. In 2018, the Chester County Court of Common Pleas declared Subchapter H

of SORNA unconstitutional.  Specifically, the court determined that Subchapter H:  (1) infringed upon George Torsilieri's "right to reputation through an improper use of an irrebuttable presumption[;]" (2) constituted punishment but deprived the trial court of being able to impose an individualized sentence; (3) imposed "an enhanced criminal punishment based upon a factual finding which was not made by the factfinder beyond a reasonable doubt[;]" and (4) amounted to cruel and unusual punishment.  ***See Commonwealth v. Torsilieri*** ("***Torsilieri II***"), 316 A.3d 77, 82 (Pa. 2024).

Our High Court vacated the trial court's order declaring Subchapter H unconstitutional and remanded.  It deemed remand appropriate "to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of . . . Subchapter H." ***Commonwealth v. Torsilieri*** ("***Torsilieri I***"), 232 A.3d 567, 596 (Pa. 2020).

Following three days of evidentiary hearings, the trial court again found Subchapter H unconstitutional and the Commonwealth once more appealed to the Supreme Court.  This time, the High Court found that the evidence presented at the hearing did "not demonstrate a consensus that the presumption at issue is not universally true" and, therefore, held that Torsilieri "ha[d] failed to meet his heavy burden to demonstrate that the irrebuttable presumption at issue was constitutionally infirm." ***Torsilieri II***, 316 A.3d at 99–100.  That high burden requires a challenging party to establish "(1) a

protected interest, (2) a presumption that is not universally true, and (3) reasonable alternative means to ascertain the presumed fact." *Id*. at 96 (citation omitted). Notably, the Court only ruled upon Torsilieri's as-applied challenge, not on a facial challenge that would apply to all defendants.

The Supreme Court next considered Torsilieri's claim that Subchapter H constituted punishment. Such a claim requires application of a two-part test, where the reviewing court "first determin[es] whether the expressed statutory purpose is to impose punishment, and if not, whether the statutory scheme is so punitive in effect as to negate the legislature's stated non-punitive intent[.]" *Id*. at 100. Since the stated purpose of Subchapter H is not to impose punishment, the Court focused on the second part of the test, namely, weighing the seven factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). *Id*. "Only the clearest proof of the punitive effect of a law will overcome its expressed non-punitive intent[.]" *Id*. at 102.

As with Torsilieri's first issue, the High Court did not rule that Subchapter H was facially nonpunitive. Rather, after weighing the requisite factors, it concluded that Torsilieri had "failed to meet his burden in demonstrating that Subchapter H constitutes criminal punishment." *Id*. at 110. It explained its balancing thusly:

> In our view, weighing the *Mendoza-Martinez* factors does not compel the conclusion that Subchapter H is punitive. Here, the General Assembly created a tier-based classification system organized by seriousness of the offense, which, in turn, is tied to the degree of harm caused by the crime. This is a policy-based decision vested in the legislature. Like Subchapter I, we find that

Subchapter H significantly changed the original version of SORNA with the apparent goal of ensuring that the legislation was not punitive in nature. Indeed, Subchapter H has a significantly less burdensome impact on the life of the offender than its predecessor. Moreover, we find compelling the Commonwealth's argument that not only does Subchapter H offer a valid non-punitive purpose of informing and protecting the public, but that Appellee failed to present compelling evidence establishing that its registration and notification requirements were excessive, *i.e.*, not rationally or reasonably related to this legislative purpose. **As with Appellee's irrebuttable presumption challenge, it was incumbent upon him to show that these requirements have no rational relationship to the stated goal of promoting community safety. Appellee produced evidence only of varying recidivism rates for sex offenses within the class of sex offenders, as a whole, and we find this is insufficient to show that the goal of community protection is not achieved, to some extent, by the registration and notification requirements.** Thus, we conclude that Appellee did not meet his heavy burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose. This being the case, we also conclude that, because a finding that Subchapter H constitutes criminal punishment is a threshold factor in determining the viability of Appellee's derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

*Id*. at 109–10 (footnote omitted, emphasis added).

Presently, unlike Torsilieri, Appellant did not have the opportunity to attempt to meet his burden of establishing his SORNA challenges because the trial court, despite intending to hold a hearing, did not do so before Appellant's

post-sentence motion period expired.[4] ***See Commonwealth v. Asher***, 244 A.3d 27, 33 (Pa.Super. 2020) (vacating and remanding "for a hearing at which the parties can present evidence for and against the relevant legislative determinations" where Asher had preserved ***Torsilieri*** claims but there was no factual record). Although the burdens facing Appellant on remand may seem insurmountable after our High Court's ***Torsilieri II*** decision that the defendant therein failed to prove his constitutionality claims, Appellant is nonetheless entitled to attempt this Herculean feat.

Based on the foregoing, we agree with Appellant, the Commonwealth, and the trial court that remand is necessary for the development of the factual record. Thus, in accordance with ***Asher*** and ***Torsilieri I*** and ***II***, we vacate the order denying Appellant's post-sentence motion and remand for a hearing.

Order denying Appellant's post-sentence motion vacated. Case remanded for the trial court to conduct a hearing on Appellant's SORNA challenges. Jurisdiction relinquished.

---

[4] We will not punish Appellant for Monroe County's unorthodox manner of handling these issues. However, we remind the court of common pleas that it is the trial court's responsibility to hold a hearing on these types of issues if it deems it appropriate. It is inappropriate to deny motions with the expectation that this Court will simply remand for a hearing at a time more convenient for the trial court. Therefore, to avoid the waste of judicial resources and the unnecessary step of appealing to this Court only to have us remand for a hearing the court planned to conduct anyway, we suggest to the Monroe County Court of Common Pleas that it schedule its *en banc* hearings for these matters more frequently, or abandon the *en banc* model and conduct individualized hearings as they arise.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/31/2024