J-S33042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTOINE S. WILLIFORD | : | |
| | : | |
| Appellant | : | No. 1186 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 25, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002153-2020

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 27, 2025**

Appellant Antoine S. Williford appeals from the judgment of sentence imposed following his convictions for unlawful contact with a minor and related offenses. Appellant argues that the imposition of lifetime registration requirements under the Sexual Offender Registration and Notification Act[1] (SORNA) violate his due process rights and constitute an illegal sentence. We affirm.

The underlying facts of this matter are well known to the parties. Briefly, on March 31, 2023, a jury convicted Appellant of statutory sexual assault, unlawful contact with a minor, corruption of a minor, and indecent assault[2] based on allegations that he had intercourse with a minor female victim. On

---

[1] 42 Pa.C.S. §§ 9799.10 – 9799.75.

[2] 18 Pa.C.S. §§ 3122.1(b), 6318(a)(1), 6301(a)(1)(i), and 3126(a)(8), respectively.

July 7, 2021, the trial court sentenced Appellant to an aggregate term of one to two years' incarceration followed by three years' probation. He was also ordered to comply with SORNA's registration requirements under Subchapter H. Appellant did not file a post-sentence motion.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement in which he claimed, for the first time, that Subchapter H was punitive and constituted an illegal sentence. The trial court issued a Rule 1925(a) opinion explaining that Appellant's claims "were not raised" before Appellant filed his notice of appeal, and there was no factual record on which the court could evaluate Appellant's constitutional challenges to SORNA. Therefore, the trial court concluded that Appellant was not entitled to relief.

On appeal, Appellant raises the following issues for review:

1. The imposition of a lifetime sex offender registration requirement pursuant to SORNA on [Appellant] is a violation of both the Sixth and Fourteenth Amendments to the United States Constitution as this penalty goes beyond the prescribed statutory maximum based upon the General Assembly's factual determination that [Appellant] "pose[s] a high risk of committing additional sexual offenses," 42 Pa.C.S. § 9799.11(a)(4), a fact that was not submitted to the jury nor proven beyond a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

2. The imposition of a lifetime sex offender registration punishment pursuant to SORNA on [Appellant] is illegal as it goes beyond the statutory maximums for felonies and misdemeanors as codified in 18 Pa.C.S. §§ 1103 and 1104.

Appellant's Brief at 6.

Appellant's claims are questions of law, for which our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Manzano***, 237 A.3d 1175, 1178 (Pa. Super. 2020). "[T]he party challenging the constitutionality of a statute has a heavy burden of persuasion." ***Id.*** at 1180 (citation omitted). "A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution." ***Commonwealth v. Villanueva-Pabon***, 304 A.3d 1210, 1214 (citations omitted).

Additionally, our Supreme Court has explained:

Whether a statute is punitive in nature is a threshold question for determining the viability of the various constitutional challenges [], including whether the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, violates the United States Constitution's prohibition on cruel and unusual punishment, and infringes upon the right to a trial by jury by failing to require that facts that increase the punishment imposed on the underlying crime be found [beyond] a reasonable doubt. It is a gateway inquiry, as legislation must be deemed to be in the nature of criminal punishment to invoke the protections of these constitutional provisions.

***Commonwealth v. Torsilieri***, 316 A.3d 77 (Pa. 2024) (***Torsilieri II***) (footnotes omitted).

In evaluating whether a statute is punitive, Pennsylvania courts apply a "two-part test [that] consists of first determining whether the expressed statutory purpose is to impose punishment, and if not, whether the statutory scheme is so punitive in effect as to negate the legislature's stated non-

punitive intent, as assessed by the seven *Mendoza-Martinez* factors."[3] *Id.* at 100 (citation omitted).

Finally, we note that this Court has remanded cases for further proceedings in matters where the appellant challenged SORNA before the trial court, but did not have an opportunity to present evidence in support of their claims. *See, e.g., Commonwealth v. Asher*, 244 A.3d 27, 33 (Pa. Super. 2020) (vacating and remanding "for a hearing at which the parties can present evidence for and against the relevant legislative determinations" where the appellant had preserved his SORNA claims but there was no factual record); *see also Commonwealth v. Fernandez*, 350 EDA 2024, 2024 WL 4635259, at *4 (Pa. Super. filed Oct 31, 2024) (unpublished mem.) (concluding that remand was appropriate because the appellant "filed a timely post-sentence motion asking the court to strike his SORNA registration requirements as unconstitutional" but ultimately "did not have the opportunity to attempt to meet his burden of establishing his SORNA challenges because the trial court failed to hold a hearing "before appellant's post-sentence motion period expired").[4]

However, this Court has declined to remand cases where the appellant failed to raise a SORNA issue or present any evidence supporting that claim before the trial court or on appeal. *See Villanueva-Pabon*, 304 A.3d at

---

[3] *See Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

[4] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

1213-14, 1217-18.  In ***Villanueva-Pabon***, this Court noted that our Supreme Court's decision "in ***Torsilieri*** [***I***] ma[de] clear the importance of the scientific evidence as it pertained to each of the constitutional issues raised." ***Id.*** at 1217.  However, the appellant in ***Villanueva-Pabon*** had "produced no scientific evidence whatsoever to support his claims that underlying legislative policy infringes on [the] appellant's rights[.]" ***Id.*** at 1218.  Instead, this Court explained that the appellant had "made a strategic decision to forego offering live testimony in the hope that the trial court or this Court would stay any decision on the merits pending the outcome of the remand hearing in ***Torsilieri*** [***I***]." ***Id.***  Therefore, the ***Villanueva-Pabon*** Court rejected the appellant's SORNA challenge and declined to remand the matter for further proceedings. ***Id; see also Commonwealth v. Manzano***, 237 A.3d 1175, 1182 (Pa. Super. 2020) (declining to remand for further proceedings and concluding that "unlike the defendant in ***Torsilieri*** [***I***, the a]ppellant has produced no scientific evidence whatsoever to support his claims that the underlying legislative policy infringes on [the a]ppellant's rights").

In the instant case, Appellant did not file a post-sentence motion or request that the trial court conduct a hearing on his claims.[5]  Additionally,

_____

[5] We note that to the extent Appellant characterizes his claim as a challenge to the legality of his sentence, this Court has held that SORNA's registration requirements are "separate and apart from [the] term of incarceration" and that "the legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose
*(Footnote Continued Next Page)*

Appellant does not present any evidence to support his claims on appeal. Therefore, because Appellant has failed to present any evidence that Subchapter H "clearly, palpably, and plainly" violates the constitution, **see Villanueva-Pabon**, 304 A.3d at 1213-14, he is not entitled to relief.[6] Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Kunselman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/27/2025

---

registration requirements in excess of the maximum allowable term of incarceration." **Commonwealth v. Strafford**, 194 A.3d 168, 173 (Pa. Super. 2018); **see also Commonwealth v. Bricker**, 198 A.3d 371, 377 (Pa. Super. 2018) (reiterating that a requirement for a defendant to register as a sexual offender for a period of time exceeding the lawful statutory maximum term of incarceration for his offense is not illegal).

[6] Additionally, as noted previously, our Supreme Court ruled in **Torsilieri II** that Subchapter H is not punitive and does not violate the due process clause of the Constitution. **See Torsilieri II**, 316 A.3d at 110. Therefore, even if Appellant requested a hearing, he would not be entitled to relief.