J-A01050-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEE A. SMITH, III | : | |
| | : | |
| Appellant | : | No. 765 MDA 2021 |

Appeal from the Order Entered May 19, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003430-1995

BEFORE: LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: MARCH 1, 2022**

Appellant, Lee A. Smith, III, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied his "Motion to Bar the Applicability of Sex Offender Registration And/Or Petition for Writ of *Habeas Corpus*." We affirm.

This Court has previously set forth the relevant facts and procedural history of this case as follows:

> In 1996, a jury convicted [Appellant] of rape by forcible compulsion,[1] and the court sentenced him [on January 10, 1997,] to serve 7 to 20 years' incarceration. We affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal in 1998. [Appellant] thereafter filed two [petitions under the Post Conviction Relief Act ("PCRA")[2]] and a petition to

---

[1] The record indicates that the offense took place on September 15, 1995.

[2] 42 Pa.C.S.A. §§ 9541-9546.

remove or modify parole, none of which resulted in relief.
…

[Appellant] filed a "Motion to Bar the Applicability of Sex Offender Registration And/or Petition for Writ of *Habeas Corpus*" on January 21, 2020. In the Motion, [Appellant] claimed that the Pennsylvania State Police [("PSP")] was requiring him to register for his lifetime as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), or face felony charges. He argued that because SORNA [I] did not take effect until 2012, after he had committed the acts for which he was sentenced, the registration requirement constitutes *ex post facto* punishment per **Commonwealth v. Muniz**, [640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018)]. [Appellant] also claimed the requirement violated his due process rights.

After receiving a response from the Commonwealth, the trial court treated [Appellant's] Motion as a PCRA petition, found his Petition to be untimely, and issued notice of its intention to dismiss the Petition after 20 days. **See** Pa.R.Crim.P. 907. [Appellant] filed a response, arguing the court should not have treated his Motion as a PCRA Petition, because the PCRA only subsumes the types of collateral actions for which the PCRA may provide relief. The court dismissed the petition, and [Appellant] appealed.

**Commonwealth v. Smith**, 932 MDA 2020, unpublished memorandum at 1-3 (Pa.Super. Apr. 1, 2021). On appeal, this Court vacated and remanded for further proceedings, holding that Appellant's challenge to his sex offender registration requirements was not subject to the PCRA's time-bar under **Commonwealth v. Lacombe**, ___ Pa. ___, 234 A.3d 602 (2020) (holding that registrants are not restricted to use PCRA as exclusive means for challenging their registration requirements). **See Smith, supra**.

Upon remand, the trial court issued an order directing Appellant to serve

a copy of his motion on the PSP's sex offender registration section. Appellant complied on April 8, 2021. The court subsequently issued a rule to show cause on the District Attorney's office and the PSP, asking why Appellant's motion should not be granted. On May 6, 2021, the PSP filed a response. The court denied Appellant's requested relief on May 19, 2021. Appellant timely filed a notice of appeal on June 15, 2021. On June 28, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.

Appellant raises the following issue for our review:

> Can [the PSP] force [Appellant] to "register" for the rest of his life for an offense which occurred many years before SORNA was enacted without [Appellant] having an opportunity to challenge the legality of the PSP's application of the SORNA registration requirements at a hearing?

(Appellant's Brief at 6).

Appellant argues that his lifetime sex offender registration requirements violate both the United States and Pennsylvania constitutions. Appellant asserts that the court denied him due process by failing to require that each fact necessary to support the imposition of his punishment be submitted to the fact-finder and proven beyond a reasonable doubt under **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000) (holding that any facts, other than fact of prior conviction that subject defendant to additional penalty beyond statutory maximum must be submitted to jury and be proven beyond reasonable doubt), and **Alleyne v. United States**, 570

U.S. 99, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013) (holding that any fact that increases mandatory minimum sentence for crime is fact that must be submitted to jury and found beyond reasonable doubt). Appellant emphasizes that SORNA I did not take effect until December 20, 2012, approximately 13 years after Appellant was sentenced. Appellant highlights the Supreme Court's decision in *Muniz*, that retroactive application of SORNA I to offenders who committed their offenses before SORNA I's effective date violates *ex post facto* principles. Appellant maintains that "[p]ermitting the PSP to apply the irrebuttable presumption of SORNA in [Appellant's] case…violates the tenets of *Apprendi*/*Alleyne* [where] no judge [or] jury has established [that Appellant is at] a particular risk of recidivating." (Appellant's Brief at 12). Appellant concludes that this Court should vacate the order denying relief and remand for an evidentiary hearing, at which the parties can present evidence for and against the relevant legislative determinations at issue. We disagree.

Our review of this case implicates the following legal principles:

> When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

*Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super. 2004) (internal citations omitted).

Following *Muniz, supra* and *Commonwealth v. Butler*, 173 A.3d

1212 (Pa.Super. 2017) ("***Butler I***"), *rev'd*, ___ Pa. ___, 226 A.3d 972 (2020) ("***Butler II***"),[3] the Pennsylvania General Assembly enacted legislation to amend SORNA I. ***See*** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA I and added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018. ***See*** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29 (collectively, "SORNA II"), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.

Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012; **or to those who were required to register with the PSP under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but**

---

[3] In ***Butler I***, this Court held that the provision of SORNA I requiring a court to designate a defendant a sexually violent predator ("SVP") by clear and convincing evidence violates the federal and state constitutions because it increases a defendant's criminal penalty without the fact-finder making necessary factual findings beyond a reasonable doubt. ***See Butler I, supra***. However, the Pennsylvania Supreme Court reversed ***Butler I***. ***See Butler II, supra*** (holding SVPs are different from non-SVP SORNA registrants at issue in ***Muniz*** due to heightened public safety concerns based on determination that SVPs have mental abnormality or personality disorder that makes individual likely to engage in predatory sexually violent offenses; procedure for designating individuals as SVPs is not subject to requirements of ***Apprendi*** and ***Alleyne*** and remains constitutionally permissible).

**before December 20, 2012, whose period of registration has not expired**. *See* 42 Pa.C.S.A. § 9799.52. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

In *Lacombe, supra*, our Supreme Court held that Subchapter I of SORNA II is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws. *See id.* at ___, 234 A.3d at 626-627. Further, *Lacombe* applies equally to individuals who were convicted of an offense prior to the enactment of any sex offense registration scheme. *See T.S. v. Pennsylvania State Police*, ___ Pa. ___, 241 A.3d 1091 (2020) (*per curiam*) (reversing Commonwealth Court's decision to grant relief to individual who committed sex offenses before sex offender registration laws were enacted, in light of *Lacombe*).

Instantly, the trial court evaluated Appellant's claim as follows:

> Since [Appellant's] commission date was September 15, 1995, he is not captured by the first clause of § 9799.52.
>
> However, [Appellant] is clearly captured by the second clause of § 9799.52. [Appellant] was required to register under Megan's Law III and began doing so in 2009. [Appellant's] period of registration had not expired on the effective date of Subchapter I. Under Subchapter I, an individual convicted of Rape is subject to lifetime registration. 42 Pa.C.S.A. § 9799.55(b)(2)(i)(B). Therefore, on the face of Subchapter I, [Appellant] is required to register for the remainder of his life.
>
> At the time [Appellant] filed his Motion in [t]his [c]ourt, the

- 6 -

only viable question concerning his obligations to comply with Subchapter I within [SORNA II] was whether the retroactive registration provisions of Subchapter I would suffer from the same constitutional infirmities found in *Muniz*. That question has now been answered.

In *Lacombe, supra* the Pennsylvania Supreme Court held that "Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by appellees necessarily fail." *Id.* at [___, 234 A.3d at] 626-627. The Court's analysis found that Subchapter I effected significant changes from the original version of SORNA and is "narrowly tailored to its nonpunitive purpose of protecting the public." *Id.* at [___, 234 A.3d at] 626.

(Trial Court Opinion, 5/17/21, at 3-4). We agree with the trial court's rationale.

Although Appellant cites *Commonwealth v. Torsilieri*, ___ Pa. ___, 232 A.3d 567 (2020), *Commonwealth v. Mickley*, 240 A.3d 957 (Pa.Super. 2020), and *Commonwealth v. Asher*, 244 A.3d 27 (Pa.Super. 2020), in support of his request for an evidentiary hearing, each of those cases dealt with registration requirements under Revised Subchapter H. *See Torsilieri, supra* (addressing constitutionality of various provisions of Revised Subchapter H; acknowledging that, based on evidence defendant had presented in trial court, he posed colorable constitutional challenges to Revised Subchapter H's registration and notification provisions; remanding to allow parties to address whether consensus has developed to call into question relevant legislative policy decisions impacting sex offenders' constitutional rights); *Mickley, supra* (considering motion to bar registration requirements where defendant was required to register under Revised Subchapter H, as he

- 7 -

committed his offenses after December 20, 2012; at sentencing, defendant had raised and preserved issue of whether Revised Subchapter H was punitive and whether it violated due process by creating irrebuttable presumption that sex offender is likely to reoffend; vacating and remanding for hearing at which parties could present evidence for and against relevant legislative determinations under *Torsilieri*; expressly noting that constitutional challenges at issue pertained to Subchapter H, and not Subchapter I, so Supreme Court's decision in *Lacombe* was not applicable). *See also Asher, supra* (considering challenge to constitutionality of registration requirements under Revised Subchapter H, where defendant committed his offenses in 2016; because there was no factual record developed, and relying on *Torsilieri* and *Mickley*, vacating and remanding for hearing at which parties could present evidence for and against relevant legislative determinations).

Because the cases on which Appellant relies dealt with the constitutionality of Revised Subchapter H, they are distinguishable. As the trial court noted, Appellant is subject to reporting under Subchapter I. With respect to Appellant's *ex post facto* concerns, the Supreme court has already decided that Subchapter I is not constitutionally infirm. *See Lacombe, supra*. Notably, Appellant does not even mention *Lacombe* on appeal or dispute that he is subject to reporting under Subchapter I. Additionally, with respect to Appellant's claim that Subchapter I violates due process under *Apprendi* and *Alleyne*, the *Lacombe* Court noted that such a claim is

predicated on an argument that Subchapter I is punitive; based on the Court's holding that Subchapter I is nonpunitive, such a due process challenge fails. *See Lacombe, supra* at \_\_\_, 234 A.3d at 608 n.5.

Regarding Appellant's claims of due process violations based on an unconstitutional irrebuttable presumption, this Court has recently rejected a similar argument. *See Commonwealth v. Spears*, No. 2424 & 2439 EDA 2019 (Pa.Super. Apr. 14, 2021) (unpublished memorandum)[4] (explaining that Subchapter I does not signal dangerousness of any particular offender; it merely provides that adult sex offenders, as group, have high risk of recidivism; hearing on adult offender's individual dangerousness or likelihood to reoffend is irrelevant to universal truth of group as whole; therefore, irrebuttable presumption doctrine does not apply). Based upon the foregoing, we agree with the trial court that an evidentiary hearing was not warranted here. Therefore, Appellant's issue on appeal merits no relief. Accordingly, we affirm.

Order affirmed.

---

[4] *See* Pa.R.A.P. 126(b) (explaining that this Court can rely on unpublished decisions of Superior Court filed after May 1, 2019 for persuasive value).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/01/2022