J-S08019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAVAN S. OUTTERBRIDGE :
:
Appellant : No. 1175 MDA 2021

Appeal from the Judgment of Sentence Entered May 26, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004813-2019

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: JULY 27, 2022**

Appellant Javan S. Outterbridge appeals from the judgment of sentence imposed following his convictions for aggravated indecent assault and related offenses.  Appellant argues that the trial court erred in concluding that he was required to register under Subchapter H of the Sexual Offender Registration and Notification Act[1] (SORNA).  We affirm.

By way of background, Appellant was convicted of one count of aggravated indecent assault and two counts each of involuntary deviate sexual intercourse, statutory sexual assault, corruption of minors, and indecent assault.[2]  On May 26, 2021, the trial court sentenced Appellant to an aggregate term of five to ten years' incarceration followed by thirteen years'

---

[1] 42 Pa.C.S. §§ 9799.10-9799.42.

[2] 18 Pa.C.S. §§ 3125(a)(8), 3123(a)(7), 3122.1(a)(1), 6301(a)(1)(ii), and 3126(a)(8), respectively.

probation. The Sexual Offender Assessment Board (SOAB) concluded that Appellant was not a sexually violent predator (SVP). However, Appellant was designated a Tier III offender and ordered to comply with Subchapter H's lifetime registration requirements.

Appellant filed a timely post-sentence motion in which he claimed that because he was a non-SVP offender, "the presumption upon which his obligations under SORNA are founded has not been proven and that imposition of those obligations violates Due Process under the law, and is unconstitutional under both the [Pennsylvania] and [United States] constitutions." Post-Sentence Mot., 7/9/21, at 2 (unpaginated). Appellant also argued that "the statutory irrebuttable presumption underlying SORNA, that is that all sex offenders are likely to commit additional sexual offenses, is not supportable in the instant case but is in fact unsupported by scientific evidence." *Id.* (citing *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020)).

Following a hearing on August 2, 2021,[3] the trial court denied Appellant's motion. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises the following issues on appeal:

1. Whether the automatic registration requirements of Subchapter H of SORNA constitute an illegal sentence that violates the due process clause of the United States and

---

[3] The transcript from this proceeding was not included in the certified record transmitted to this Court on appeal.

Pennsylvania Constitutions because they are impermissibly punitive, based on an irrebuttable false presumption, and do not require a finding of guilt beyond a reasonable doubt.

2. Whether Appellant's being sentenced to a term of registration as a sex-offender was also more specifically illegal in that—as he was determined not to be a[n SVP], by virtue of not being considered "likely to engage in predatory sexually violent offenses" it was illogical and contradictory of neighboring provisions of the same SORNA statute to sentence him to a term of registration as a sex-offender by virtue of his being "likely to engage in predatory sexually violent offenses."

Appellant's Brief at 5.

In his first claim, Appellant argues that Subchapter H's automatic registration requirements constitute an illegal sentence. *Id.* at 11. In support, Appellant asserts that "Subchapter H violates Pennsylvania's due process protections through the unconstitutional use of an irrebuttable presumption," which "implicates 'both procedural and substantive due process protections.'" *Id.* at 11 (quoting *Torsilieri*, 232 A.3d at 581). Appellant also argues that Subchapter H is impermissibly punitive and that "the 'registration requirements, which can result in lifetime branding an offender as at high risk of recidivation, violat[e] the requirements of *Apprendi* and *Alleyne*.'"[4] *Id.* at 11-12 (quoting *Torsilieri*, 232 A.3d at 582) (footnotes omitted). However, Appellant contends that "empirical analysis is not necessary" to resolve his Subchapter H claims, as Pennsylvania courts have "made it repeatedly and exhaustively clear, by specific factual findings and legal determinations made

_____

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

- 3 -

in several appeals of SVP hearings, that not all adult sex offenders pose a high risk of recidivation." *Id.* at 18. Therefore, Appellant asks us to resolve his challenge to Subchapter H as a matter of law. *Id.* at 13.

Appellant's claims "raise questions of law for which our standard of review is *de novo* and our scope of review is plenary." *Torsilieri*, 232 A.3d at 575 (citation omitted). In resolving such claims, our Supreme Court has explained that

> [i]n addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." *In re J.B.*, 107 A.3d 1, 14 (Pa. 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution."

*Id.* (some citations omitted).

Initially, we note that Appellant's instant claims are identical to those raised by the defendant in *Torsilieri*. In *Torsilieri*, the defendant claimed that the registration and notification provisions in Subchapter H were unconstitutional and violated his right to due process, as they utilized an irrebuttable presumption of future dangerousness and recidivism. *See Torsilieri*, 232 A.3d at 574-75. The defendant also argued that Subchapter H was punitive and "violated *Alleyne* and *Apprendi* by allowing the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor

premised upon proof beyond a reasonable doubt." *Id.* at 575 (citation and quotation marks omitted).

The trial court conducted a hearing at which the defendant introduced three expert affidavits to establish his claim. However, the Commonwealth did not offer any evidence to the contrary. *Id.* at 574. Ultimately, after the trial court issued an order declaring Subchapter H unconstitutional, the Commonwealth appealed directly to our Supreme Court, which has exclusive jurisdiction over matters in which courts of common pleas declare statutes unconstitutional. *Id.* at 572; *see also* 42 Pa.C.S. § 722(7).

On appeal before our Supreme Court, the Commonwealth introduced evidence to dispute Appellant's irrebuttable presumption claim. In reviewing the trial court's order, the *Torsilieri* Court separated the defendant's claims into two categories: (1) the irrebuttable presumption challenge; and (2) whether Subchapter H's lifetime registration provisions violated the requirements of *Apprendi* and *Alleyne*, imposed sentences in excess of the statutory maximum sentence, constituted cruel and unusual punishment, and violated the separation of powers doctrine by preventing trial courts from imposing individualized sentences. *Torsilieri*, 232 A.3d at 581-82.

With respect to the irrebuttable presumption claim, the *Torsilieri* Court concluded that the defendant raised "colorable constitutional challenges" to Subchapter H based on the evidence presented to and relied on by the trial court. *Id.* at 584. However, the *Torsilieri* Court explained:

- 5 -

> Nevertheless, we are unable to conclude based upon the record currently before this Court whether [the defendant] has sufficiently undermined the validity of the legislative findings supporting . . . Subchapter H's registration and notification provisions, especially in light of the contradictory scientific evidence cited by the Commonwealth during this appeal which may refute the [the defendant's] experts. It is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence. Accordingly, a remand is appropriate to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights.

*Id.* at 585 (footnote omitted).

After *Torsilieri* was decided, this Court has remanded cases for further proceedings in matters where the defendant preserved an irrebuttable presumption claim before the trial court but did not have an opportunity to fully develop his claims at a hearing. *See, e.g., Commonwealth v. Asher* 244 A.3d 27, 33 (Pa. Super. 2020); *Commonwealth v. Mickley*, 240 A.3d 957, 961-62 (Pa. Super. 2020).

More recently, while the instant appeal was pending, a panel of this Court issued a decision in *Commonwealth v. Wolf*, --- A.3d ---, 2022 PA Super 98, 2022 WL 1698704 (Pa. Super. filed May 27, 2022). In *Wolf*, the appellant claimed that Subchapter H "violate[d] his due process rights, and constitute[d] an illegal sentence, because it [was] 'impermissibly punitive, based on an irrebuttable false presumption, and [did] not require a finding of guilt beyond a reasonable doubt.'" *Id.* at *2 (citation omitted). Although the appellant's substantive claims were identical to the issues raised in *Torsilieri*,

the **Wolf** Court noted that, unlike the defendant in **Torsilieri**, the appellant

sought relief "as a matter of law without further evidentiary development."

**Id.** (citations omitted).

In rejecting the appellant's claim, the **Wolf** Court explained:

In the case at bar, [the a]ppellant faults the **Torsilieri** Court for remanding the case. According to [the a]ppellant, the remand order was "utterly unnecessary . . . to resolve issues that could have been simply and efficiently resolved by legal analysis alone." Indeed, although [the a]ppellant raised his constitutional claims in a post-sentence motion and the trial court held a hearing on the motion, [the a]ppellant did not request that the post-sentence motion hearing be transcribed and, on appeal, [the a]ppellant claims that his constitutional claims may be decided as a matter of law. **Torsilieri** is on all fours with the case at bar and, in accordance with **Torsilieri**, [the a]ppellant's claim on appeal fails.

\*     \*     \*

We will not venture beyond our Supreme Court's holding in **Torsilieri**. In **Torsilieri**, the Supreme Court concluded that the defendant's scientific evidence "presented a colorable argument that the General Assembly's factual presumptions have been undermined by recent scientific studies" – and, even though the Commonwealth did not present any contrary evidence during the post-sentence motion hearing – the Supreme Court still concluded that "the evidence of record does not demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in **J.B.**, nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive, which we have noted 'requires more than merely showing disagreement among relevant authorities.'" **Torsilieri**, 232 A.3d at 594 (citations omitted). In the case at bar, [the a]ppellant simply asks that we hold Revised Subchapter H's registration provisions unconstitutional as a matter of law. Given that our Supreme Court, in **Torsilieri**, refused to hold Revised Subchapter H unconstitutional despite uncontradicted evidence presented by the defendant, we too refuse to hold the statutes unconstitutional where [the a]ppellant has presented no evidence, whatsoever, to "demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in **J.B.**, nor

- 7 -

the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive." ***See id.*** at 594 (citations omitted).

***Id.*** at *5-6 (some citations omitted).

Here, as in ***Wolf***, although Appellant raised his Subchapter H claims before the trial court, he failed to present any evidence of scientific studies to support his irrebuttable presumption claim. Likewise, Appellant presents no evidence to this Court on appeal. Instead, Appellant asks us to resolve his Subchapter H claim as a matter of law. However, without any evidence of scientific studies, Appellant cannot make "a colorable argument that the General Assembly's factual presumptions have been undermined by recent scientific studies[.]" ***See Torsilieri***, 232 A.3d at 594. Therefore, Appellant has failed to satisfy his burden to prove that the Revised Subchapter H provisions applicable to him "clearly, palpably, and plainly" violate the constitution. ***See id.*** at 575; ***see also Wolf***, 2022 WL 1698704 at *6.

In his second claim, Appellant argues that his "own case is proof that the irrebuttable presumption on which SORNA's registration[ ] requirements depend is false." Appellant's Brief at 36. Appellant asserts that because he was designated as a non-SVP offender, he is "not likely to engage in predatory sexually violent offenses." ***Id.*** at 37. Therefore, Appellant concludes that "a sentence requiring him to register as a sex-offender is therefore even more obviously illegal and unconstitutional and must be vacated." ***Id.*** at 38.

In **Wolf**, this Court addressed a claim identical[5] to the one Appellant now raises on appeal. In resolving that issue, the **Wolf** Court explained:

> [The a]ppellant's claim fails. In **Torsilieri**, the defendant was also "not designated an SVP" and the Supreme Court still concluded that the defendant did not "demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in **J.B.**, nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive." **Torsilieri**, 232 A.3d at 594. Again, in the case at bar, [the a]ppellant invites us to go beyond **Torsilieri**'s holding and conclude that the registration statutes are, as a matter of law, unconstitutional on their face. We decline [the a]ppellant's invitation. **Torsilieri** binds this Court and [the a]ppellant's claim fails, as [the appellant's] unsupported challenge does not "demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in **J.B.**, nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive." **See Torsilieri**, 232 A.3d at 594.

**Wolf**, 2022 WL 1698704 at *7.

Based on our review of the record, we conclude that this Court's decision in **Wolf** is dispositive of Appellant's claim. As in **Wolf**, Appellant's irrebuttable presumption claim is premised on the fact that he was not classified as an SVP. However, as this Court noted in **Wolf**, Appellant's non-SVP status does not establish that Subchapter H is unconstitutional. **See id.**; **see also**

---

[5] Beyond the substitution of names and other minor details, Appellant's brief is practically identical to the appellate brief filed by the appellant in **Wolf**. Additionally, it appears that both Appellant and the **Wolf** appellant were both represented by the same attorney from the Berks County Office of the Public Defender.

***Torsilieri***, 232 A.3d at 594. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.[6]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2022

---

[6] We note that while the instant matter was pending, our Supreme Court issued its decision in ***Commonwealth v. Thorne***, --- A.3d ---, 20 WAP 2021, 2022 WL 2231821 (Pa. filed June 22, 2022), which held that our "legality of sentencing jurisprudence—*i.e.*, that challenges implicating the legality of a sentence cannot be waived—applies equally to constitutional challenges to Revised Subchapter H of SORNA." ***See Thorne***, 2022 WL 2231821 at *1. The ***Thorne*** Court also explained that its holding "would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in support thereof during [the] underlying criminal proceedings **in order to preserve the issue**." ***Id.*** at *5 n.13 (emphasis added).

Here, we do not find that Appellant waived his Subchapter H claims, nor do we conclude that he failed to adequately preserve his issues because he did not present evidence before the trial court. Instead, we conclude that because Appellant did not present any evidence to establish his claims, either before the trial court **or on appeal**, he has failed to meet his burden to prove that Subchapter H is unconstitutional. Therefore, we conclude that ***Thorne*** is distinguishable. ***Compare Thorne***, 2022 WL 2231821 at *1, ***with Torsilieri***, 232 A.3d at 594, ***and Wolf***, 2022 WL 1698704 at *6.

- 10 -