J-S18038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DALE WAYNE PHILLIPS | : | |
| | : | |
| Appellant | : | No. 1589 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 15, 2021
In the Court of Common Pleas of York County Criminal Division
at No(s): CP-67-CR-0004551-2019

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: AUGUST 25, 2022**

Dale Wayne Phillips (Appellant) appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his non-jury conviction for failing to verify his address in accordance with the Pennsylvania Sex Offender and Registration Act[1] (SORNA), Subchapter I. Contemporaneous with this appeal, Appellant's counsel, Richard Robinson, Esquire (Counsel), has filed a petition to withdraw from representation and an **Anders**[2] brief.  The **Anders** brief presents challenges to the sufficiency of evidence and the legality and discretionary aspect of Appellant's sentence.

_____

[1] 18 Pa.C.S. § 4915.2(a)(2); 42 Pa.C.S. §§ 9799.10 to 9799.75.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  The Commonwealth has advised this Court by letter that it agrees with Counsel's conclusions and will not file a brief.

After review of the record, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

## I. Facts & Procedural History

In May of 2014, Appellant was charged with violating 18 Pa.C.S. § 4915.2 for failing to register his address pursuant to his SORNA Subchapter I requirements. The matter proceeded to a one-day bench trial on July 23, 2021. The parties stipulated that Appellant is required to register for life under SORNA as a result of an aggravated indecent assault conviction of February 20, 2004.[3] N.T., Non-Jury Trial, 7/23/21 (N.T. Trial), at 6-7. The trial court noted that as a result of these convictions, Appellant "was incarcerated for a significant period of time." *Id.* at 43. After his release, Appellant lived with his uncle and registered with that address. *Id.* Subsequently, Appellant was

_____

[3] Both the trial court and the parties averred Appellant is a lifetime registrant as a result of an October 20, 2004, conviction for also attempted indecent assault. *See* Trial Ct. Op., 1/3/22, at 2; N.T. Trial at 7. We note this conviction would instead carry a 10-year registration term. *See* 42 Pa.C.S. § 9799.55(a)(2).

Furthermore, the witnesses and parties at trial referred to "Megan's Law," rather than the current statute, SORNA. The parties also referred to the "tier" system of SORNA, and stated Appellant was a "Tier I . . . lifetime" registrant. N.T. Trial at 13. However, the "tier" system is a feature of Subchapter H only, while Appellant is subject to Subchapter I, based on the date of his offense. *See* 42 Pa.C.S. § 9799.54(a)(1) (Subchapter I applies to individuals who committed a sexually violent offense and whose registration under § 9799.55 had not expired as of February 21, 2018). In any event, a "Tier I" registrant is required to register for 15 years, not life. *See* 42 Pa.C.S. § 9799.15(a)(1).

re-incarcerated, and thereafter, he moved into a halfway house, the Community Corrections Center (CCC) in York, Pennsylvania. *See id*. at 25, 43.

The Commonwealth further presented the following evidence. On December 4, 2017, Appellant signed a sexual offender registration form acknowledging he understood the registration requirements. N.T. Trial at 17-19; *see* Commonwealth's Exh. 10. This form instructed, "If you become a transient, homeless, you must provide a list of places where you eat, frequent, engage in leisure activities, [and] any planned destinations, including those outside this Commonwealth." N.T. Trial at 18. Appellant last registered his address, with the CCC address, on December 5, 2017. *Id.* at 11.

On March 18, 2019, the Pennsylvania State Police (PSP) sent two letters to Appellant at the CCC, his registered address. The first letter informed him of his registration changes under Act 10[4] and ordered him to appear at an

---

[4] This Court has explained:

> Through Act 10 . . . the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.

*Commonwealth v. Asher*, 244 A.3d 27, 29 n.5 (Pa. Super. 2020) (citations omitted).

approved registration site between February 22 and May 22, 2019. *See* N.T. Trial at 14; Commonwealth's Exh. 6. The second letter required him to appear at an approved registration site within 15 days and advised he would be subject to prosecution under 18 Pa.C.S. § 4915.2 if he failed to do so. *Id.* at 15; *see* Commonwealth's Exh. 7.

On April 5, 2019, the second letter was returned to the PSP as undeliverable. N.T. Trial at 12. On April 9th, York Police Detective Charles Crumpton visited the CCC and discovered that Appellant no longer lived there. *Id.* at 20. Marisa Millet, an employee of the CCC, testified that Appellant absconded on January 24, 2018, meaning he "had signed out and not returned." *Id.* at 24-25.

Appellant testified at trial and confirmed he left the CCC in January 2018 and became homeless. N.T. Trial at 41. He stated he did not know how to register if he were homeless, but acknowledged he did not ask anyone how to do so. *Id.* at 41-42.

The trial court found Appellant guilty of failure to verify his address for SORNA registration purposes pursuant to 18 Pa.C.S. § 4915.2(a)(2). N.T. Trial at 44. On November 15, 2021, the trial court imposed a mitigated sentence of five to ten years' incarceration. N.T., Sentence, 11/15/21, at 9. The court had the benefit of a pre-sentence investigation report (PSI), and recognized Appellant "has an intellectual disability" and his "mental health may be contributing to his inability to properly register." *Id.* at 8-9.

Appellant did not file a post-sentence motion. In response to the trial court's order to file a Pa.R.A.P. 1925(b) statement, Counsel filed a statement and an amended statement, both within the 21-day filing period. Both statements raised a sufficiency of evidence claim, but also averred, "Counsel may be filing an *Anders* Brief . . . if any issues raised are not of arguable merit." Appellant's Amended/ Supplemental Statement of Matters Complained of Pursuant to Rule 1925, 12/22/21, at 3; Appellant's Statement of Matters Complained of Pursuant to Rule 1925, 12/20/21, at 2.

## II. *Anders* Petition to Withdraw & Brief

When, as here, counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, an *Anders* brief must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

In the present case, Counsel filed a petition to withdraw on March 3, 2022, stating that "upon a conscientious examination of the entire record, including all notes of testimony, . . . a direct appeal would be frivolous." Attorney Robinson's Petition to Withdraw as Counsel, 3/30/22, at 1 (unpaginated). Moreover, Counsel has provided this Court with a copy of the letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points deemed worthy for this Court's attention. *See* Attorney Robinson's Letter to Appellant, 3/30/22. Counsel also provided Appellant with a copy of the *Anders* brief and petition, advising him of his right to retain new counsel, or to raise any additional points he deems worthy of this Court's review. *See id.* at 2. Appellant has not filed a response.

The *Anders* brief raises the legality and appropriateness of Appellant's sentence, and the sufficiency of the evidence, as well as counsel's reasons why the issues would be wholly frivolous. *See Anders* Brief at 7-10. Accordingly, we determine Counsel has complied with the technical requirements of *Anders* and *Santiago*. *See Cartrette*, 83 A.3d at 1032.

## III. Independent Review of the Record

Having determined that Attorney Robinson has satisfied the technical requirements of **Anders** and **Santiago**, we now conduct an independent review of the record to discern if there are non-frivolous issues. **See Cartrette**, 83 A.3d at 1032. We conclude there are none.

First, we agree with Counsel that Appellant's sentence is not illegal. The instant conviction is Appellant's second offense of failure to register under SORNA. N.T. Sentence at 8, 9. Accordingly, it was properly graded as a felony of the first degree. **See** 18 Pa.C.S. § 4915.2(c)(3) (grading of offense). The Crimes Code statutory maximum for a felony of the first degree is 20 years' imprisonment. 18 Pa.C.S. § 1103(2). Appellant's sentence, of five to 10 years, was well within this statutory limit. Accordingly, both the grading of his offense and sentence were legal. **See Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted) ("A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence."; "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.").

Next, we consider whether there would be any non-frivolous challenge to the discretionary aspects of sentencing. We note Appellant did not raise any challenge during the sentencing hearing or in a post-sentence motion. Thus, any claim regarding the discretionary aspect of his sentence would be waived. **See Cartrette**, 83 A.3d at 1042 ("[I]ssues challenging the

- 7 -

discretionary aspects of a sentence must be raised in a post-sentence motion or [presented] to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Additionally, even if Appellant had preserved the claim, we note the trial court had the benefit of a PSI and imposed a mitigated range sentence. ***See Commonwealth v. Finnecy***, 135 A.3d 1028 (Pa. Super. 2016) (citation omitted) ("[W]here the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."); N.T. Sentence at 8-9. The standard range guideline was 72 to 84 months (six to seven years). ***Id.*** at 9. "The recommendation of Adult Probation was for a 6- to 12- year period of incarceration. The Commonwealth acknowledge[d Appellant's] mental health difficulties and [was] agreeable to a mitigated sentence in the range of 5 to 10 years. [The trial court] note[d] that this [was Appellant's] second offense under [Section 4915.2(a)(2)]." ***Id.*** At the conclusion of the sentencing hearing, the court imposed a sentence of five to ten years' imprisonment, which was below the standard range. ***Id.*** In light of the foregoing, any challenge to the discretionary aspects of sentencing, even if it were properly preserved, would be frivolous.

Finally, we consider the sufficiency of the evidence. It is well settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict

when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations omitted).

Appellant was convicted of violating 18 Pa.C.S. § 4915(a)(2), which provides:

> **(a) Offense defined.—** An individual who is subject to registration under 42 Pa.C.S. § 9799.55 . . . (b) . . . commits an offense if the individual knowingly fails to:
>
> * * *
>
> (2) verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence)[.]

*See* 18 Pa.C.S. § 4915(a)(2).

Individuals who fail to maintain a residence are not exempt from registration requirements. One of the stated purposes of SORNA is "[t]o require individuals convicted or adjudicated of certain sexual offenses who fail to maintain a residence and are therefore homeless but can still be found within the borders of this Commonwealth to register with the [PSP]." 42 Pa.C.S. § 9799.10(3).

Here, the Commonwealth presented evidence that Appellant signed SORNA registration forms multiple times, including on December 4, 2017, acknowledging that he understood the registration requirements. *See* Commonwealth's Exh. 9, at 93-94, 126-27, 148-49, 209-10, 224-25, 242-43, 265-65, 279-80, 310-11; N.T. Trial at 18. The December 4, 2017, form instructed Appellant that if he became transient or homeless, he "must provide a list of places where [he ate], frequent[ed], engage[d] in leisure activities, [and] any planned destinations, including those outside this Commonwealth." N.T. Trial at 18. Appellant admitted he did not register after leaving the CCC. *See id.* at 40. Accordingly, we determine that any challenge to the sufficiency of the evidence would be frivolous.

## IV. Conclusion

In sum, we agree with Counsel that Appellant's desired issues are frivolous, and conclude the record reveals no other potential, non-frivolous issue for appeal. Accordingly, we grant Counsel's petition to withdraw from representation and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/25/2022</u>