J-S21009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAUNE JAREL THORNE, SR. | : | |
| | : | |
| Appellant | : | No. 774 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002013-2018

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED: SEPTEMBER 7, 2022**

Pursuant to the Pennsylvania Supreme Court's decision in

***Commonwealth v. Thorne***, 276 A.3d 1192 (Pa. 2022),[1] in which the Court

acknowledged that the question of whether the lifetime registration

requirements[2] of Revised Subchapter H of Pennsylvania's Sexual Offender

Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42,

---

[1] The Supreme Court's order granted allowance of appeal limited to the issue of whether Thorne's two constitutional challenges to Revised Subchapter H implicated the legality of his sentence and, thus, cannot be waived.  ***See*** Order, 8/11/21.  The Court's decision does not affect this Court's decision affirming Thorne's convictions.

[2]  Thorne's convictions for indecent assault–course of conduct, 18 Pa.C.S.A. § 3126(a)(7), and aggravated indecent assault, 18 Pa.C.S.A. § 3125(b), are designated as Tier III offenses under SORNA, subjecting him to lifetime registration.  ***See*** 42 Pa.C.S. §§ 9799.14(d)(7), (8).  Thorne was not found to be a sexually violent predator (SVP).

constitute punishment remains unanswered, but held constitutional challenges to those requirements implicate the legality of sentencing, and, thus, cannot be waived, *see Thorne*, 276 A.3d at 1194, 1198, we remand. Thorne's issues, which mirror those presented in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020),[3] are presented for the first time in Thorne's appellate brief. Thus, remand is appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id.* at 595.[4]

_____

[3] Thorne raised the following challenges on direct appeal:

> Appellant submits that SORNA's lifetime registration requirement constitutes an illegal sentence as the registration/notification provisions qualify as punishment and effectively extended Appellant's maximum sentence without a jury's finding of the offender's future dangerousness.

> Appellant asserts that SORNA's lifetime registration requirement constitutes an illegal sentence as it is violative of the state and federal constitutional prohibitions against cruel and unusual punishment.

Appellant's Brief, at 7.

[4] In *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017), *superseded by statute as stated in*, *Commonwealth v. Lacombe*, 234 A.3d 602, 607 n.4 (Pa. 2020), our Supreme Court held SORNA's registration requirements were "punitive," and, thus, could not be retroactively applied to individuals whose offenses predated enactment of the statute. Thereafter, this Court relied upon *Muniz* to conclude that the provisions of the statute applicable to sexually violent predators ("SVPs"), were also unconstitutional. *See Commonwealth v. Butler*, 173 A.3d 1212, 1218 (Pa. Super. 2017) ("*Butler I*"), *reversed by*, *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) ("*Butler II*"). In response, the General Assembly passed amendments to SORNA, commonly

_____

referred to as Acts 10 and 29. Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly divided SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S. §§ 9799.51-9799.75. **Subchapter I contains less stringent reporting requirements than Revised Subchapter H**, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.10-9799.42. Here, Thorne's offenses occurred between July 30, 2015 and July 30, 2017; thus, he is subject to registration under Revised Subchapter H. Notably, in enacting SORNA II, the General Assembly expressed its intention and declaration of policy as "**a means of assuring public protection and shall not be construed as punitive**." 42 Pa.C.S. § 9799.11(b)(2) (emphasis added).

Following these amendments, our Supreme Court held in **Lacombe**, **supra** at 626-27, that Subchapter I's registration requirements do not constitute punishment. The Pennsylvania Supreme Court also overruled *Butler I* and held that the registration requirements of Subchapter H applicable to SVPs also do not constitute punishment. **Butler II**, **supra** at 993. However, neither case is applicable here. **Lacombe** is inapposite because Thorne is not within the class of registrants covered by Subchapter I, as his offenses were committed after December 20, 2012, and **Butler II** involved provisions related to the SVP designation, which "is not relevant to [Thorne], who was not designated an SVP." **Torsilieri**, 232 A.3d at 572 n.2.

Thus, as the Supreme Court has acknowledged, "the viability of [Thorne's constitutional] claims depends on whether Revised Subchapter H is punitive in nature such that Revised Subchapter H's lifetime registration requirements are part of [Thorne's] criminal sentence." **Thorne**, **supra** at 1198 n. 14. **See Commonwealth v. Snyder**, 251 A.3d 782, 793 (Pa. Super. 2021) (observing **Torsilieri** trial court concluded Subchapter H was "punitive" pursuant to seven-factor test set forth in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963), citing **Torsilieri**, **supra** at 588-94). Notably, the Supreme Court in **Torsilieri** stated that the **Torsilieri** trial court's

> labeling of Revised Subchapter H as punitive was impacted by its assessment of [Torsilieri's] expert evidence such that reevaluation of the balancing of the seven *Mendoza-Martinez* factors is appropriate following presentation of additional scientific evidence on remand. The trial court's conclusion that Revised Subchapter

Here, because Thorne's constitutional challenges were presented for the first time on appeal, there is no factual record before us. Therefore, in accordance with **Torsilieri**, we remand. **See Torsilieri**, 232 A.2d at 594 (where record showed no consensus of scientific evidence demonstrating presumption is not universally true, nor "clearest proof" needed to overturn General Assembly's statements that provisions are not punitive, which requires more than mere showing of disagreement among relevant authorities). **See also Commonwealth v. Mickley**, 240 A.3d 957 (Pa. Super. 2020) (remanding pursuant to **Torsilieri**); **Commonwealth v. Asher**, 244 A.3d 27 (Pa. Super. 2020) (same).

Case remanded for proceedings consistent with **Torsilieri**. Jurisdiction relinquished.

Judge Musmanno did not participate in the consideration or decision of this case.

---

H is punitive inevitably resulted in the court's determination that the registration requirements were part of [Torsilieri's] criminal sentence, and thus, subject to the various constitutional and statutory protections. Evaluating each challenge raised by [Torsilieri], the trial court concluded that [ ] Revised Subchapter H violated the dictates of **Apprendi** and **Alleyne** because it subjected offenders to increased registration provisions without a jury determining that the offender posed a risk of future dangerousness beyond a reasonable doubt[.]

**Torsilieri**, **supra** at 594. Essentially, the Court directed the trial court to reevaluate the **Mendoza-Martinez** factors, this time considering the defense's scientific evidence, as well as the Commonwealth's opposing science.