J-S45022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DEAN OSMAN | : | |
| | : | |
| Appellant | : | No. 380 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 30, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001818-2020

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 08, 2024**

Michael Dean Osman appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after a jury convicted him of corruption of minors—course of conduct of sexual nature,[1] unlawful contact with a minor,[2] and indecent assault.[3]  We affirm, and remand for further proceedings consistent with this memorandum.

Following his convictions, the trial court sentenced Osman to one to three years' incarceration on the charge of corruption of minors (Count 2), with a concurrent sentence of three to twelve months' incarceration on the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[2] *Id.* at § 6318(A)(1).

[3] *Id.* at  § 3126(A)(8).

charge of indecent assault (Count 5), followed by a consecutive sentence of three years' probation on the unlawful contact with a minor charge (Count 3). *See* Trial Court Opinion, 5/18/23, at 13; *see also* Sentencing Order, 11/30/22. The court's sentencing order also stated that "all counts shall be concurrent[,] for an aggregate sentence of one to three years." *Id.* The court ordered Osman to comply with registration requirements pursuant to Pennsylvania's Sex Offender Registration Notification Act (SORNA). Osman was evaluated by the Sexual Offenders Assessments Board (SOAB) and found not be a sexually violent predator (SVP). *See* N.T. Sentencing Hearing, 11/30/22, at 2.

Osman filed a post-sentence motion, which was denied. On March 7, 2023, Osman filed a notice of appeal and, on March 22, 2023, the trial court issued an amended sentencing order, noting that the counts were misnumbered in the original order. The amended order provides as follows:

> AND NOW, this 22nd day of March 2023, it is hereby ORDERED that the sentencing order issued on November 30, 2022, is hereby AMENDED to the following:
>
> **At Count 2**, corruption of minors, course of conduct of a sexual nature, the defendant shall pay the costs of prosecution, no fine, be incarcerated in a State Correctional Institution for a period of time, the minimum of which shall be **one (1) [year], the maximum of which shall be (3) years.**
>
> **At Count 3**, unlawful contact with a minor, the defendant shall pay the costs prosecution, no fine, be incarcerated in a State Correctional Institution for a period of time, the minimum of which shall be **one (1) [year], the maximum of which shall be (3) years. That sentence shall be concurrent to our sentence at Count 2**.

**At Count 5**, indecent assault, victim less than 16 years of age, the defendant shall pay the costs of prosecution, no fine, **three (3) years['] consecutive state probation and shall be concurrent to the sentences at Count 1 and Count 2.**

All counts shall be concurrent for an aggregate sentence of one (1) to three (3) years.

Amended Sentencing Order, 3/22/23 (emphasis added).[4]

The trial court's opinion states that, on the unlawful contact with a minor count, Osman was "sentenced to three years of probation to run consecutive to the sentence on the corruption of minors count." Trial Court Opinion, 5/18/23, at 2. And, on the count of indecent assault, Osman "was sentenced to three to twelve months' incarceration, concurrent to the corruption of minors sentence. *Id.* This comports with the original sentencing order, but not with the text of the amended sentencing order. Further, the court states in its opinion that because the Department of Corrections sought clarification of the original sentencing order (incorrect count numbers), the court "issued an amended sentencing order **that again was incorrect with regard to count numbers matching the charges. The sentencing transcript reflects the actual correct sentence on pages [] 13-16**." *Id.* (emphasis added).[5] Thus, the correct sentence is Count 2 (corruption of minors)- one to

---

[4] The trial court noted that the amended sentencing order "incorrectly placed the 3 years' consecutive probation on the indecent assault charge rather than the unlawful contact charge." Trial Court Opinion, *supra* at 13.

[5] The sentencing transcript provides as follows:

*(Footnote Continued Next Page)*

_____

THE COURT: On the count of corruption of minors course of conduct of a sexual nature, the defendant shall pay the costs of prosecution, no fine, be incarcerated in a State Correctional Institution for a period of time, the minimum of which shall be **one, the maximum of which shall be three 3 years**.

On Count 2, unlawful contact with a minor, the defendant shall pay the costs of prosecution, no fine, be incarcerated in a State Correctional Institution for a period of time, the minimum of which shall be **one the maximum of which shall be three years**. That sentence will be concurrent to our sentence at Count 1.

On Count 3, indecent assault, victim less than 16 years of age, the defendant shall pay the costs of prosecution, no fine, be incarcerated in a State Correctional Institution for a period of time, **the minimum of which shall be 3, the maximum of which shall be 12 months.** Said sentence shall be consecutive to our, I'm sorry, concurrent to our sentences at Count 1 and 2. So all counts will be concurrent. It's an aggregate sentence of one to three years.

PROSECUTOR: So it's clear, Count 2 is one to three years in a state correctional facility. Count 3 is three years of consecutive state probation, **and Count 5 is a concurrent 3 to 12 months in a state facility.**

THE COURT: **Correct**.

\* \* \*

PROSECUTOR: Your Honor, respectfully, statutorily when an individual who has to register for Megan's Law [SORNA] is sentenced to an incarceration sentence, they are required under the statute to have a minimum of three years consecutive probation. I could suggest that under Count 2, which is a Felony 3, you could do a Phase II with a consecutive three years of probation.

\* \* \*

THE COURT: Then we'll amend our sentence on Count 3, the unlawful contact . . . **Why don't we just make that three**

*(Footnote Continued Next Page)*

three years' incarceration; Count 3 (unlawful contact)- 3 years' consecutive probation; Count 5 (indecent assault)- 3 to 12 months' incarceration, concurrent with the sentence at Count 2. *See* N.T. Sentencing, *supra* at 13-16.

Osman raises the following issues for our review:

1. Whether the trial court sentenced Osman to an illegal sentence when it imposed three years of probation for indecent assault, a misdemeanor of the second degree, which carries a maximum penalty of two years?

2. Did the trial court err and impose an illegal sentencing scheme when it followed through on the prosecutor's mistaken belief that the offenses Osman was convicted of required an additional three years of probation?

3. Did the trial court err in finding that SORNA[6] was constitutional when the trial court imposed this registration

---

**years' consecutive probationary sentence to our sentence at Count 1**.

* * *

PROSECUTOR:  **So it's clear, Count 2 [corruption of minors, which the court above referred to as Count 1] is one to three years in a state correctional facility. Count 3 [unlawful contact] is three years of consecutive state probation, and Count 5 [indecent assault] is a concurrent 3 to 12 months in a state facility**.

THE COURT:  **Correct**.

N.T. Sentencing Hearing, *supra* at 13-16 (emphasis added).

[6] SORNA was originally enacted on December 20, 2011, effective December 20, 2012. *See* Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one
*(Footnote Continued Next Page)*

- 5 -

requirement without a hearing or an opportunity to supplement the scientific record in accordance with **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) and **Commonwealth v. Thorne**, 276 A.3d 1192 (Pa. 2022)[,] when Osman raised a question as to the constitutionality of SORNA under several constitutional provisions?

Appellant's Brief, at 7.

We address Osman's first two issues together. Osman argues his consecutive probationary term for the indecent assault count is "an illegal term of probation." Appellant's Brief, at 19. He asserts that a conviction for indecent assault, graded as a misdemeanor of the second degree, carries a maximum penalty of two years, **see** 18 Pa.C.S.A. § 1104(2),[7] and, thus, three

_____

year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. Through Act 10, as amended in Act 29, the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than **Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012**. **See** 42 Pa.C.S.A. §§ 9799.10-9799.42. **Osman's offenses were committed after December 2019 and, therefore, he is subject to Revised Subchapter H.**

[7] Section 1104 of the Crimes Code states that a person who has been convicted of a misdemeanor "may be sentenced to imprisonment for a definite term[,] which shall be not more than: . . . (2) Two years in the case of a misdemeanor of the second degree." 18 Pa.C.S.A. § 1104(2).

years' probation constitutes "an illegal sentence by numbers and must be vacated." *Id.* He also argues that as a Tier II registrant under SORNA, a consecutive period of probation is not required as a matter of law, as it is with respect to a Tier III registrant. Osman contends, therefore, that because the court "felt constrained to impose this sentence, its legality is questionable." *Id.*

The Commonwealth argues that sections 9799.14(d) and 9718.5 of the Judiciary and Judicial Procedure Code required the court to impose a mandatory term of probation of three years consecutive to any other sentence. *See* Commonwealth Brief, at 4. Upon review, we agree.

Section 9718.5 provides in relevant part as follows:

A person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) **shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court**.

42 Pa.C.S.A. § 9718.5(a). *See also id.* at § 9718.5(c) ("There shall be no authority in a court to impose on an offender to which this section is applicable a lesser period of probation than provided for under subsection (a). Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory period of probation provided under this section.").

Pursuant to the plain language of section 9718.5, only those convicted of offenses enumerated in subsection 9799.14(d) are subject to imposition of

this mandatory period of probation. Section 9799.14(d) provides, in relevant part:

> **(d) Tier III sexual offenses.--The following offenses shall be classified as Tier III sexual offenses:**
>
> * * * *
>
> (16) Two or more convictions of offenses listed as **Tier I or Tier II sexual offenses.**

42 Pa.C.S.A. §§ 9799.14(d)(16) (emphasis added).

Here, Osman was convicted of corruption of minors—course of conduct of sexual nature, 18 Pa.C.S.A. § 6301(a)(1)(ii), a Tier I sexual offense, **see** 42 Pa.C.S.A. § 9799.14(b)(6), and indecent assault—complainant less than 16 years of age and person four or more years old, 18 Pa.C.S.A. § 3126(A)(8), a Tier II sexual offense. **See** 42 Pa.C.S.A. § 9299.14(c)(1.3). Osman, therefore, had "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses," **id.** at § 9799.14(d)(16). Accordingly, he was subject to the mandatory probationary sentence. We find no error.

In his final issue, Osman argues that he is entitled to an evidentiary hearing to develop his SORNA claim, pursuant to **Torsilieri**, **supra** and **Thorne**, **supra**. We agree, and note that the Commonwealth concedes that Osman is entitled to a remand on this issue. **See** Commonwealth Brief, at 4-5. Because Osman was not determined to be an SVP and was not given the opportunity to develop a record on his constitutional challenges to SORNA's registration requirements, we remand in accordance with our Supreme Court's

decision in ***Torsilieri***. ***See id***., 232 A.2d at 596 (proper remedy for defendant challenging SORNA's registration requirements is remand to trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow trial court to weigh evidence in determining whether defendant has refuted relevant legislative findings supporting challenged registration and notification provisions of Revised Subchapter H); ***see also Commonwealth v. Mickley***, 240 A.3d 957 (Pa. Super. 2020) (following remand procedure pursuant to ***Torsilieri***); ***Commonwealth v. Asher***, 244 A.3d 27 (Pa. Super. 2020) (same).

Thus, we affirm Osman's judgment of sentence with respect to the imposition of a consecutive probationary term on Count 5 (indecent assault), and we remand in accordance with ***Torsilieri*** so that Osman may develop his SORNA challenge, and, finally, we direct the court on remand to correct the technical errors in its amended sentencing order.

Judgment of sentence affirmed; case remanded for further proceedings consistent with this memorandum and ***Torsilieri***.  Jurisdiction relinquished. Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/08/2024